■ In the Matter of Justin D. Sucato, Appellant, v Town Board of Boston et al., Respondents.—Judgment unanimously reversed on the law with costs, motion denied and petition reinstated. Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination of the respondent Town Board that denied his building permit application for the construction of a multiple family dwelling. In granting respondents' motion for summary judgment, Supreme Court determined that the 30-day limitation period for review of planning board approval of site plans was applicable to this special proceeding, rendering it untimely *(see,* Town Law § 274-a [3]). That was error. Because the petition seeks to review the determination of the Town Board, the four-month limitation period of CPLR 217 applies. When measured against that statute, the proceeding was timely commenced. (Appeal from Judgment of Supreme Court, Erie County, Sedita, J.—Article 78.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.

■ In the Matter of Edward Kroening, Appellant.—Order unanimously affirmed without costs. Memorandum: On November 5, 1991 an election was held for the office of Town Councilman of the Town of Wheatfield. Following a canvass of the vote, the Board of Elections certified the election as a tie. Petitioner, a candidate for the office, commenced the instant proceeding pursuant to article 16 of the Election Law, challenging the Board's refusal to cast and count one absentee ballot. Supreme Court dismissed the petition on the ground that the proceeding was not timely commenced.

We affirm, but for a different reason. The proceeding, instituted within 20 days of the Board's determination, was timely *(see,* Election Law § 16-106 [5]). However, the absentee ballot was received after election day and the postmark date could not be ascertained without extrinsic evidence *(see, Matter of Bennett v Board of Elections,* 10 Misc 2d 804, 810, *affd* 6 AD2d 989, *lv denied* 5 NY2d 708). Therefore, the ballot cannot be counted *(see,* Election Law § 8-412 [1]; *Matter of Nicolaysen v D'Apice,* 100 AD2d 501). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Election Law § 16-106.) Present—Green, J. P., Pine, Boehm, Fallon and Doerr, JJ.

■ In the Matter of Gerald L. Dorsey.—Application for reinstatement denied. Present—Denman, P. J., Callahan, Green, Balio and Lawton, JJ.

■ In the Matter of George LaCava.—Application for reinstatement denied. Present—Denman, P. J., Callahan, Green, Balio and Lawton, JJ.