OPINION OF THE COURT
 

 Read, J.
 

 We are asked to decide whether Town Law § 274-b (3)
 
 *299
 
 authorizes a zoning board of appeals (ZBA) to grant area variances from special use permit requirements. For the reasons that follow, we hold that Town Law § 274-b (3) vests a ZBA with authority to grant an area variance from any requirement in a zoning regulation, including those for a special use permit.
 

 I.
 

 In 1992, Real Holding Corp. (RHC) acquired a one-half-acre parcel of land situated within a “Highway Business District” as shown on the Town of Wappinger’s zoning map. This parcel had served since the mid-1960’s as the site of a gasoline filling station, which closed shortly before RHC’s purchase of the land. After cleaning up the property to the satisfaction of state environmental authorities, RHC opted to develop a new gasoline filling station on it.
 

 In order to undertake this proposed use, RHC was obliged by the Town Code to obtain a “gasoline filling station” special use permit from the Town Planning Board; however, RHC was unable to satisfy two distance standards for this permit. Specifically, the applicable Town Code provisions mandated 1,000 feet between a gasoline filling station and the boundary line of certain residentially zoned lands, and 2,500 feet between gasoline filling stations. In 1995, RHC asked the Town’s ZBA for variance relief from these two standards. The ZBA turned RHC down in early 1996, opining that it lacked jurisdiction to waive or modify zoning requirements specific to a special use permit.
 

 In 2000, RHC revived its campaign to reestablish a gasoline filling station on the property by applying to the Planning Board for a special use permit. The Planning Board denied the application for failure to conform with several zoning requirements, including the two distance standards for the special use permit, and advised RHC to seek variances from the ZBA.
 

 RHC requested the necessary variances, and the ZBA voted to entertain the application. After several months of review, however, the ZBA concluded that it was powerless to grant an area variance from special use permit requirements absent an express grant of authority therefor from the Town Board. Accordingly, on June 19, 2001, the ZBA denied RHC’s application.
 

 RHC then commenced this CPLR article 78 proceeding to seek annulment of the ZBA’s determination and a judgment directing the ZBA to hear and decide its application for area variances. Supreme Court granted RHC’s petition and remitted the matter to the ZBA for further proceedings, holding that
 
 *300
 
 Town Law § 274-b (3) explicitly authorizes a ZBA to grant area variances from special use permit requirements. Upon the ZBA's appeal, the Appellate Division affirmed (304 AD2d 583 [2d Dept 2003]). We granted the ZBA leave to appeal, and now affirm.
 

 II.
 

 In the early 1990’s, the Legislature authorized the Joint Legislative Commission on Rural Resources to develop recommendations for recodifying local zoning laws. In 1991, the provisions concerning ZBAs in the Town Law were substantially revised as a result
 
 (see
 
 L 1991, ch 692, §§ 1-4; Town Law §§ 267—267-c). The following year the Legislature enacted companion legislation, which, as relevant here, included new Town Law § 274-b
 
 (see
 
 L 1992, ch 694, § 2). This provision defines and governs approval of special use permits, a widely used zoning device previously unmentioned in state statute.
 

 Two subdivisions of section 274-b come into play on this appeal. The first—subdivision (3)—addresses the circumstances under which application may be made to a ZBA for an area variance from special use permit requirements:
 

 “Application for area variance. Notwithstanding any provision of law to the contrary, where a proposed special use permit contains one or more features which do not comply with the zoning regulations, application may be made to the zoning board of appeals for an area variance pursuant to section two hundred sixty-seven-b of this article,
 
 [*]
 
 without the necessity of a decision or determination of an administrative official charged with the enforcement of the zoning regulations” (§ 274-b [3]).
 

 The second—subdivision (5)—addresses the waiver of special use permit requirements:
 

 “Waiver of requirements. The town board may further empower the authorized board to, when reasonable, waive any requirements for the approval,
 
 *301
 
 approval with modifications or disapproval of special use permits submitted for approval. Any such waiver, which shall be subject to appropriate conditions set forth in the ordinance or local law adopted pursuant to this section, may be exercised in the event any such requirements are found not to be requisite in the interest of the public health, safety or general welfare or inappropriate to a particular special use permit” (§ 274-b [5]).
 

 In the ZBA’s view, subdivisions (3) and (5) clash and, at most, establish that a ZBA may grant an area variance from general zoning requirements, but not from a special use permit requirement unless express authorization to do so has been bestowed by a town board in the town’s zoning code. We disagree.
 

 First, subdivision (3) plainly states that “application may be made to the [ZBA] for an area variance” in those cases “where a proposed special use permit . . . do[es] not comply with the zoning regulations.” Moreover, a ZBA may grant these area variances “[notwithstanding any provision of law to the contrary.”
 

 Next, subdivision (3) refers to “zoning regulations” without qualification. Nothing in the statute’s language suggests that area variances for special use zoning regulations should be treated differently than area variances from general, so-called bulk, zoning requirements. To hold that a ZBA may vary certain zoning provisions only if expressly empowered to do so by the town board overlooks the entire purpose of the ZBA, which is to provide relief in individual cases from the rigid application of zoning regulations enacted by the local legislative body.
 

 Finally, section 274-b is entitled “Approval of special use permits,” and subdivision (3) directs that application for an area variance may be made to the ZBA “pursuant to” section 267-b (entitled “Permitted action by board of appeals”), which supplies the procedures for a ZBA to follow when issuing an area variance
 
 (see
 
 Town Law § 267-b [3]). Thus, section 274-b authorizes ZBAs to issue area variances from special use permit requirements, following the statutory procedures applicable to ZBAs in the exercise of their area variance jurisdiction. This is not only clear, but entirely consistent with the statutes and case law emphasizing that ZBAs are “vested with the exclusive power to grant or deny, in the first instance, a variance from the zoning ordinances”
 
 (Matter of Commco, Inc. v Amelkin,
 
 62 NY2d 260, 266 [1984];
 
 see also Jewish Reconstructionist Synagogue of
 
 
 *302
 

 N. Shore v Incorporated Vil. of Roslyn Harbor,
 
 40 NY2d 158, 162 [1976] [“(T)he board of zoning appeals is a quasi-judicial body created by State law . . . . It provides a forum for the mitigation of harsh effects which zoning laws may have in exceptional cases”]).
 

 Nor does subdivision (5) in any way conflict with subdivision (3), or diminish a ZBA’s independent jurisdiction under subdivision (3). Subdivision (5) vests a town board with discretion to empower an “authorized board” to waive any requirement of a special use permit. The waiver authority in subdivision (5) is broader than a ZBA’s authority in subdivision (3), which is restricted to granting area variances. The “authorized board” referred to in subdivision (5) is “the planning board or such other administrative body that [the town board] shall designate”
 
 {see
 
 Town Law § 274-b [2]). In effect, subdivision (5) allows a town board to establish one-stop special use permitting if it so chooses. As Supreme Court observed, where a town board exercises its discretion under subdivision (5), an applicant may have “two avenues to address an inability to comply with a given . . . requirement in connection with a special use permit,” but this overlap “does not create discord in the Town Law or render either [subdivision (3) or subdivision (5)] superfluous.”
 

 Because we rely on the plain meaning of the relevant statutory text, we need not consult legislative history. Not surprisingly, however, section 274-b’s legislative history clearly contemplates the distinct purposes of subdivisions (3) and (5). Specifically, Senator Cook’s memorandum in support notes that this legislation was intended to “authorize[ ] town . . . boards to empower their planning board (or other authorized body) to waive, subject to appropriate conditions, any requirements for the approval of site plans” (Sponsor’s Mem, Bill Jacket, L 1992, ch 694, at 6). In addition, “in the event local site plan or special use permit requirements present dimensional difficulties to a particular applicant, an area variance may be applied for to the zoning board of appeals”
 
 {id.).
 
 Further, “by allowing appeal to the zoning board of appeals the bill provides applicants faced with dimensional difficulty an opportunity for administrative relief’
 
 {id.
 
 at 7).
 

 Finally, section 274-b’s legislative history does not, as the ZBA argues, portray any intention to incorporate existing case law wholesale. Indeed, this case law was not entirely consistent
 
 {compare Matter of Holy Spirit Assn, for Unification of World Christianity v Rosenfeld,
 
 91 AD2d 190, 195 [2d Dept 1983] [“the
 
 *303
 
 zoning board had no authority,
 
 absent an application for a variance,
 
 to waive or modify the explicit conditions laid down in the town code” for a special use permit (emphasis added)]
 
 with Matter of Knadle v Zoning Bd. of Appeals of Town of Huntington,
 
 121 AD2d 447 [2d Dept 1986] [ZBA has no authority to waive or modify a setback requirement for a special use permit in the guise of a variance]). The ZBA cites
 
 Matter of Jewish Reconstructionist Synagogue of N. Shore v Levitan
 
 (34 NY2d 827 [1974]) for the proposition that a ZBA may not waive or modify any of the explicit conditions mandated by a town or village board for a special use permit; however, in this memorandum decision we expressly declined to address whether a ZBA might have authority to issue a variance from special use permit requirements, noting that the issue was not presented on the appeal
 
 (id.
 
 at 829).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo and R.S. Smith concur.
 

 Order affirmed, with costs.
 

 [*]
 

 * An “[a]rea variance” is defined as “the authorization by the zoning board of appeals for the use of land in a manner which is not allowed by the dimensional or physical requirements of the applicable zoning regulations” (Town Law § 267 [1] [b]). Contrary to the position taken by the ZBA, the distance standards at issue here, which specify how many feet must separate a gasoline filling station from certain residentially zoned areas and from other gasoline filling stations, are clearly “dimensional or physical requirements” subject to area variance relief.