■ In the Matter of LOCKPORT SMART GROWTH, INC., et al., Appellants, v TOWN OF LOCKPORT et al., Respondents. (Proceeding No. 1.) In the Matter of LOCKPORT SMART GROWTH, INC., et al., Appellants, v TOWN OF LOCKPORT ZONING BOARD OF APPEALS et al., Respondents. (Proceeding No. 2.) [880 NYS2d 412]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 16, 2008 in consolidated proceedings pursuant to CPLR article 78. The judgment dismissed the petitions.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In these consolidated proceedings pursuant to CPLR article 78, petitioners seek, inter alia, to annul the determinations of respondent Town of Lockport Planning Board (Planning Board) and respondent Town of Lockport Zoning Board of Appeals (ZBA) granting certain variances to allow the construction of a Super Wal-Mart. In addition, petitioners contend that respondents Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust (collectively, Wal-Mart respondents) did not obtain necessary waivers and variances with respect to several applicable zoning ordinances. We conclude that Supreme Court properly dismissed the petitions.

We note at the outset that our interpretation of section 200-70 of the Code of the Town of Lockport (Town Code), entitled "Special Uses," differs from that of petitioners. That section merely provides that "[a]ny of the following uses may be permitted upon obtaining a special use permit, provided such use complies with all applicable dimensional and other requirements of this chapter . . . ." (Town Code § 200-70.) In other words, a use complies with all applicable dimensional and other requirements once any required variances are obtained and, "[i]ndeed, Town Law § 274-b (3) expressly provides for the issuance of a special use permit in conjunction with an area variance" (*Matter of Real Holding Corp. v Lehigh*, 304 AD2d 583, 584 [2003], *affd* 2 NY3d 297 [2004]). We likewise conclude that the Wal-Mart respondents were not required to obtain a variance with respect to Town Code § 200-94 (B), which mandates a maximum lot coverage within the Commercial Corridor Overlay District (CCOD) of 75%, or with respect to Town Code § 200-94 (H) (1), which regulates fencing and explicitly provides that "[t]he Planning Board may vary fence location, height and construction to accommodate an aesthetically pleasing buffer zone." Petitioners contend that the waivers from the CCOD requirements granted by the Planning Board for "extreme difficulties" are invalid. We reject that contention. Section 200-93 (C) of the Town Code provides that the Planning Board, in its discretion, may grant waivers from respondent Town of Lockport's site development standards if a developer can establish that "extreme difficulties" would be encountered with strict conformance. Initially, we conclude that, taking into account the purpose of the CCOD regulations and restrictions, the extreme difficulties standard is " 'capable of a reasonable application and [is] sufficient to limit and define the [Planning B]oard's discretionary powers' " (*Morgan v Town of W. Bloomfield*, 295 AD2d 902, 903 [2002]). Thus, section 200-93 (C) does not impermissibly delegate legislative power (*see generally Matter of Levine v Whalen*, 39 NY2d 510, 516 [1976]). We further conclude

that the Wal-Mart respondents properly sought waivers from dimensional requirements under Town Law § 274-a (5), and were not required instead to seek variances pursuant to Town Law § 274-a (3) (*see Real Holding Corp.*, 2 NY3d at 302). Similarly, we conclude that Town Law § 274-a (5) does not preempt local law, and that the "extreme difficulties" standard employed here does not conflict with that section. In addition, we conclude that the Planning Board's finding that the Wal-Mart respondents encountered "extreme difficulties" was not arbitrary and capricious. We agree with the court that the Planning Board took a "rational, measured approach to the reality of the project," and that the record contained sufficient detail to determine whether the Planning Board's determination had a rational basis (*cf. Matter of Fleck v Town of Colden*, 16 AD3d 1052, 1053 [2005]).

We further note that Town Code § 200-94 (J) (2), concerning parking lot locations, expressly allows for a deviation from its requirements if a developer demonstrates a "practical difficulty." In our view, the record demonstrates that the Wal-Mart respondents in fact demonstrated that they would face a practical difficulty in the event that strict compliance with section 200-94 (J) (2) was required. Petitioners' contention that the Wal-Mart respondents were required to obtain a variance for section 200-94 (M) (5), concerning landscaping, is belied by the record inasmuch as the project includes the construction of a three-foot berm and the project's landscaping plan makes clear that, other than the entranceway, the project's western boundary does not abut Transit Road. Also, although the project includes a concrete wall, no variance from section 200-94 (M) (5) (b) was required because the wall will be treated, painted, and maintained by the Wal-Mart respondents.

Finally, we conclude that the ZBA did not improperly treat the project site as a single lot, rather than two separate lots, in granting the required variances. The variances were necessary because strict compliance with the Town Code's area requirements was impractical based on the proximity of the project to existing retail and commercial businesses (*see Matter of Cohalan v Schermerhorn*, 77 Misc 2d 23, 25 [1973], citing *Matter of Levy v Board of Stds. & Appeals*, 267 NY 347 [1935]), and the ZBA's determination granting the variances did not "invade the zoning province of the legislative body" (*Matter of Giuntini v Aronow*, 92 AD2d 548 [1983]). Moreover, although the ZBA determined that "the parcels should be considered together as one site," it nevertheless "individually addressed" the variances required for each parcel. Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.