# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**163**

**CA 11-00744**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF YOUNG DEVELOPMENT, INC. AND
PEOPLE, INC., PETITIONERS-RESPONDENTS,

V                                                          MEMORANDUM AND ORDER

TOWN OF WEST SENECA, WEST SENECA TOWN BOARD AND
WALLACE C. PIOTROWSKI, SHEILA M. MEEGAN AND
DALE F. CLARKE, SAID PERSONS CONSTITUTING THE
WEST SENECA TOWN BOARD, RESPONDENTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (AUDREY SEELEY OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated decision, order and judgment) of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered March 1, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, vacated respondents' denial of petitioners' application for a special permit and directed respondents to issue the special permit.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondents appeal from a judgment granting the petition to annul the determination of respondent West Seneca Town Board (Board) denying petitioners' application for a special use permit. Preliminarily, we reject respondents' contention that the petition was not timely filed within 30 days of the Board's determination pursuant to Town Law § 274-b (9). Rather, we conclude that, "[b]ecause the petition seeks to review the determination of the . . . Board, the four-month limitation period of CPLR 217 applies" (*Matter of Sucato v Town Bd. of Boston*, 187 AD2d 1045), thus rendering the petition timely filed. We further conclude that Supreme Court properly held that the Board's denial of the application for a special use permit was illegal, arbitrary and capricious and an abuse of discretion (*see generally Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 902, *lv denied* 5 NY3d 713). It is well settled that town boards have broad discretion and that their determinations should be sustained on judicial review if such determinations have a rational basis in the record (*see Matter of Pelican Point LLC v Hoover*, 50 AD3d 1497, 1498). Furthermore, a

reviewing court may not substitute its judgment for that of a town board, "even if there is substantial evidence supporting a contrary determination" (*Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals*, 38 AD3d 1279, 1280). Here, however, we conclude that there is no support in the record for the Board's determination. Contrary to respondents' contention, petitioners established that the sewer system of respondent Town of West Seneca would have sufficient capacity to support the project and, in any event, petitioners agreed to engage in remediation efforts recommended by the New York State Department of Environmental Conservation. There is no expert evidence in the record that the remediation proposed by petitioners is unsatisfactory. With respect to the comprehensive plan issue, it is well settled that the inclusion of a permitted use in a zoning code "is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243). Given the absence of support in the record for the Board's determination, we conclude that the Board impermissibly based its determination on "generalized community objections" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308).

Entered: January 31, 2012                          Frances E. Cafarell
                                                   Clerk of the Court