# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**374**
**CA 11-01460**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROYAL MANAGEMENT, INC.,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

TOWN OF WEST SENECA, WEST SENECA TOWN BOARD,
WALLACE C. PIOTROWSKI, AND SHEILA M. MEEGAN
AND DALE F. CLARKE, SAID PERSONS CONSTITUTING
WEST SENECA TOWN BOARD, RESPONDENTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (ASHLEY WESTBROOK OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Timothy J. Drury, J.), entered April 1, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, annulled and vacated the determination of respondent West Seneca Town Board and directed respondents to issue a special permit to petitioner.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to CPLR article 78, respondents appeal from a judgment annulling the determination of respondent West Seneca Town Board (Town Board) and directing respondents to issue a special use permit to petitioner authorizing the construction of a two-story apartment building on Orchard Park Road in respondent Town of West Seneca (Town). As a preliminary matter, we note that respondents contend that this proceeding is time-barred because it was not commenced within 30 days after the filing of the Town Board's determination in the Town Clerk's office, as required by Town Law § 274-b (9). We reject that contention. "Because the petition seeks to review the determination of the Town Board, the four-month limitation period of CPLR 217 applies" (*Matter of Sucato v Town Bd. of Boston*, 187 AD2d 1045), not the shorter limitations period set forth in Town Law § 274-b (9) (*see Matter of Young Dev., Inc. v Town of W. Seneca*, 91 AD3d 1350).

With respect to the merits, we conclude that Supreme Court properly determined that the denial by the Town Board of petitioner's

application for a special use permit was arbitrary and capricious and an abuse of discretion. Following several public hearings, the Town Board denied petitioner's application on two grounds, namely, that the "sewer system in the area . . . is in very poor shape," having recently experienced severe failures and backups and that, "[d]ue to the shape of the lot, the proposed project does not conform to the existing properties in the immediate adjacent area." Regarding the first ground, petitioner correctly notes that there is no evidence in the record supporting the Town Board's purported concern about the sewer system. In fact, the record demonstrates that, shortly before petitioner's application was denied, the Town Engineer engaged in a discussion with the Town Board with respect to a substantially larger construction project in that same area and stated that the sewer had the capacity to handle the larger project.

There is similarly no support in the record for the Town Board's determination with respect to the second ground, i.e., that the proposed apartment building would not be in conformance with the existing properties in the immediate adjacent area. Indeed, the record reflects that the Town's Code Enforcement Officer informed the Town Board that the property was properly zoned for the project, that the lot was large enough for the building, and that the use would be in conformance with the Town Code. Notably, the Town's Code Enforcement Officer also stated that there were multiple dwellings within 200 feet of the project with a similar orientation, inasmuch as they too were perpendicular to the road. It is well settled that the inclusion of a permitted use in a zoning code "is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243). We therefore conclude that there was no basis for the Town Board's determination that the proposed building would be aesthetically out of character with the existing properties in the immediate adjacent area.

Entered:  March 23, 2012                    Frances E. Cafarell
                                           Clerk of the Court