Matter of Edwards v Zoning Bd. of Appeals of Town of Amherst (2018 NY Slip Op 05430)





Matter of Edwards v Zoning Bd. of Appeals of Town of Amherst


2018 NY Slip Op 05430


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
824
CA 17-01570

&em;

[*1]IN THE MATTER OF MARY E. EDWARDS, BERNARD
LEFFLER, CLAIRE LEFFLER, JAMIE L. SMITH AND
PAUL SUTTON, PETITIONERS-APPELLANTS,
 
V MEMORANDUM AND ORDER
 
v
ZONING BOARD OF APPEALS OF TOWN OF AMHERST,
UPSTATE CELLULAR NETWORK, DOING BUSINESS AS
VERIZON WIRELESS, AND PUBLIC STORAGE, INC.,
RESPONDENTS-RESPONDENTS.
 
LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS.
NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR RESPONDENT-RESPONDENT UPSTATE CELLULAR NETWORK, DOING BUSINESS AS VERIZON WIRELESS.
STANLEY J. SLIWA, TOWN ATTORNEY, WILLIAMSVILLE, FOR RESPONDENT-RESPONDENT ZONING BOARD OF APPEALS OF TOWN OF AMHERST.
BROWN & KELLY, LLP, BUFFALO (JESSICA J. BURGASSER OF COUNSEL), FOR RESPONDENT-RESPONDENT PUBLIC STORAGE, INC.


Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered June 1, 2017 in a CPLR article 78 proceeding. The judgment dismissed the petition.
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding challenging the determination of respondent Zoning Board of Appeals of the Town of Amherst (ZBA) granting a special use permit to respondent Upstate Cellular Network, doing business as Verizon Wireless (Verizon), for the construction of a wireless telecommunications tower on the property of respondent Public Storage, Inc. in the Town of Amherst (Town). Petitioners appeal from a judgment dismissing their petition. We affirm.
Petitioners contend that the ZBA's determination to grant the special use permit is inconsistent with the Town's comprehensive plan. We reject that contention. It is well settled that the inclusion of a permitted use in a zoning code "is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243 [1972]; see Matter of Young Dev., Inc. v Town of W. Seneca, 91 AD3d 1350, 1351 [4th Dept 2012]). "Where, as here, the zoning ordinance authorizes a use permit subject to administrative approval, the applicant need only show that the use is contemplated by the ordinance and that it complies with the conditions imposed to minimize anticipated impact on the surrounding area . . . The [zoning authority] is required to grant a special use permit unless it has reasonable grounds for denying the application" (Matter of North Ridge Enters. v Town of Westfield, 87 AD2d 985, 986 [4th Dept 1982], affd 57 NY2d 906 [1982]).
Here, in chapter 203 of the Code of the Town of Amherst (Code), the Town authorized the ZBA to grant or deny special use permits for the construction of "wireless telecommunications facilities (WTF)" (ch 203, § 6-7-1), upon review of the application for compliance with various requirements. Those requirements are intended, among other things, to promote and encourage the placement and design of WTFs in such a manner as to minimize adverse aesthetic impacts in the surrounding area and preserve the character of residential areas by ensuring that adequate "stealth" design technology is used (ch 203, §§ 6-7-2, 6-7-3; see generally Town Law §§ 261, 263). In compliance with the Code, the Planning Department of the Town submitted an advisory written report to the ZBA containing its analysis of Verizon's application (see ch 203, § 6-7-12 [C]). Although the Planning Department initially concluded that aspects of the application would not be consistent with the Town's comprehensive plan, it recommended approval of the application upon certain conditions, which included employing stealth design to disguise the tower as an evergreen tree and reconfiguring the site plan to move the tower as far away as possible from adjacent residences. After holding a public hearing and formally considering the application, the ZBA approved the application subject to the recommended conditions and issued a written decision to that effect (see ch 203, § 6-7-12 [D]). Thus, we conclude that there is no merit to petitioners' contention that the special use permit ultimately granted by the ZBA was inconsistent with the Town's comprehensive plan.
Petitioners further contend that the ZBA, in granting the special use permit, issued certain "variances" to the Town's zoning regulations that did not comply with the requirements of Town Law
§ 267-b (3). That contention is without merit. Town Law § 274-b (3) provides that where, as here, "a proposed special use permit contains one or more features which do not comply with the zoning regulations, application may be made to the zoning board of appeals for an area variance pursuant to [Town Law § 267-b]." Additionally, Town Law § 274-b (5) provides that a town "may further empower the authorized board to, when reasonable, waive any requirements for the approval, approval with modifications or disapproval of special use permits submitted for approval." "In effect, subdivision (5) allows a town . . . to establish one-stop special use permitting if it so chooses" (Matter of Real Holding Corp. v Lehigh, 2 NY3d 297, 302 [2004]). Thus, "where a town . . . exercises its discretion under subdivision (5), an applicant may have two avenues to address an inability to comply with a given . . . requirement in connection with a special use permit,' but this overlap does not create discord in the Town Law or render either [subdivision (3) or subdivision (5)] superfluous' " (id.).
Here, the Town has exercised its discretion under Town Law
§ 274-b (5) by authorizing the ZBA, in considering whether to grant a special use permit, to waive "any aspect or requirement" for WTFs as long as the applicant "demonstrates by clear and convincing evidence that, if granted, the relief, waiver or exemption will have no significant effect on the health, safety and welfare of the Town, its residents and other service providers" (ch 203, § 6-7-21). Thus, contrary to petitioners' contention, we conclude that the requirements for area variances set forth in Town Law § 267-b (3) are inapplicable here inasmuch as the ZBA issued waivers pursuant to Town Law § 274-b (5). The record also establishes that Verizon demonstrated by clear and convincing evidence that the waivers would have "no significant effect on the health, safety and welfare of the Town, its residents and other service providers" (ch 203, § 6-7-21).
Contrary to petitioners' further contention, we conclude upon our review of the record that the ZBA, in granting the special use permit and waivers, did not violate any of the other provisions of the Code relied upon by petitioners.
We also reject petitioners' contention that the ZBA improperly issued a negative declaration pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8). The record establishes that the ZBA properly "identified the relevant areas of environmental concern, took a hard look' at them, and made a reasoned elaboration' of the basis for its determination" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]; see Matter of Hartford/North Bailey Homeowners Assn. v Zoning Bd. of Appeals of Town of Amherst, 63 AD3d 1721, 1723 [4th Dept 2009], lv denied in part and dismissed in part 13 NY3d 901 [2009]).
In light of our determination, we do not address respondents' contention with respect to an alternative ground for affirmance.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court