■ CENTERPORT BIRD SANCTUARY, INC., et al., Petitioners, v TOWN OF HUNTINGTON, Respondent.—Proceeding pursuant to EDPL 207 to review a determination of the Town Board of the Town of Huntington, dated November 26, 1985, which determined, *inter alia,* that the town should acquire certain lands owned by the petitioners to prevent the deterioration of the Titus Mill Pond.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioners maintain that the town failed to demonstrate any public use or benefit which would justify the instant condemnation of their property. There was evidence in the record that the ecosystem of the subject pond is very sensitive, and that additional management was necessary to ensure the pond's status as an aesthetic natural resource. In order to provide such management, it was desirable, if not essential, that the town have as much control over the water and the land underneath it as possible. There also was evidence presented that considerable public use is made of the pond, including ice skating, fishing, and bird watching.

Public use is a term which is broadly defined to encompass any use which contributes to the health, safety, general wel-

fare, convenience or prosperity of a community *(see, Matter of Byrne v New York State Off. of Parks, Recreation & Historic Preservation,* 101 AD2d 701). The preservation of the subject property, which is used by the public, constitutes a public use. The town also has a rational basis to support its condemnation of the property in view of the tenuous ecological condition of the pond. Accordingly, intervention by the court would be inappropriate *(see, Matter of Dowling Coll. v Flacke,* 78 AD2d 551).

The petitioners' remaining contentions have been considered and found to be without merit. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.