■ K. HOVNANIAN COMPANIES OF NEW YORK INC., Respondent, v JGM ASSOCIATES et al., Appellants.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered June 19, 1990 in Orange County, which granted plaintiff's motion for summary judgment.

In this action plaintiff seeks return of the $50,000 deposit being held in escrow pursuant to a real estate sales contract whereby plaintiff agreed to purchase certain real property from defendants JGM Associates and Joan G. Mulderig. The agreement contained a provision which authorized plaintiff to engage in certain activities to satisfy itself as to the feasibility of developing the property, including the preparation of estimates as to the various costs related to the installation and completion of offsite improvements necessary to develop the

property. Offsite improvements were defined as including "improvements for the conveyance of water and sewer or road construction required by any appropriate governmental entity". Plaintiff was required to have a written report prepared documenting the estimates and deliver a copy "for Seller's approval within ten (10) days of Seller's receipt thereof". The agreement provided that if the estimated costs of offsite improvements exceeded $1,000 per lot, plaintiff could elect to cancel the agreement and receive a refund of all deposits.

As required by the agreement, plaintiff prepared a report documenting the estimates of the offsite improvement costs, which revealed a per lot cost in excess of the $1,000 threshold. Plaintiff delivered a copy of the report to defendants and informed them of its intent to cancel the agreement because of the offsite improvement cost estimate and because of defendants' failure to correct certain title objections which plaintiff had previously communicated to defendants. Several days later, defendants' attorney responded in a letter which stated that "[s]ince the projections exceed $1000.00 per lot it appears that you would have the right to terminate the contract", but suggested that a meeting be arranged to negotiate an adjustment in the purchase price. When it became clear that plaintiff viewed the project as too costly and intended to adhere to its decision to cancel the agreement, defendants' attorney raised the question of whether all of the estimated costs contained in the report submitted by plaintiff were for offsite improvements within the meaning of the contract. Plaintiff's subsequent demands for return of the deposit were ignored, resulting in this action.

Based upon these undisputed facts, we are of the view that plaintiff is entitled to summary judgment and, therefore, Supreme Court's judgment should be affirmed. Defendants assert that a question of fact exists as to whether all of the cost estimates contained in plaintiff's report related to offsite improvements. As previously noted, however, the contract required plaintiff to deliver a copy of the report to defendants for their "approval within ten (10) days of [their] receipt thereof". Defendants voiced no objection to the report within the 10-day period; instead, defendants' next communication to plaintiff conceded that based upon the report "it appears that you would have the right to terminate the contract". Defendants' conduct effectively constituted approval of the report within the meaning of the contract and, therefore, in the

absence of any evidence of bad faith on plaintiff's part, defendants cannot contest the accuracy of the report.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.