■ MICHAEL MARCANTONIO et al., Appellants, v IRVING Rousso et al., Respondents. [684 NYS2d 567] —In an action, *inter*

*alia,* for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), entered June 9, 1998, as (1) granted that branch of the motion of the defendants Irving Rousso and Barbara Rousso which was for summary judgment dismissing the complaint insofar as asserted against Irving Rousso, and (2) granted the motion of the defendants Town of Southampton and Town Conservation Board to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs entered into a contract to sell certain real property to the defendant Irving Rousso. A rider to the contract contained, *inter alia,* the following relevant language: "It shall be a condition precedent to the Purchasers' obligation to close title hereunder that the subject premises will at the time of title closing constitute a lawful building lot upon which a single family dwelling having a minimum 'footprint' of 5,000 square feet and a minimum total square footage of 10,000 square feet together with a swimming pool, tennis court, and attached or detached garage may be constructed as a matter of right and without the need for any variances, special permits, or other relief from any municipal or government agency".

The defendants Town of Southampton and the Town Conservation Board (hereinafter collectively the TCB) subsequently "flagged" the wetlands line on the lot by placing markers on the property, whereupon it was discovered that the entire lot was located within the jurisdiction of the TCB. As a result, Rousso would not be able to conduct the proposed construction without variances and special permits. Rousso canceled the contract, and the plaintiffs commenced this action.

Since the contract unambiguously provided that it was contingent upon the occurrence of the contemplated condition, the contract was lawfully terminated by Rousso pursuant to its clear terms upon the failure of that condition to occur (*see generally, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *Hovnanian Cos. v JGM Assocs.,* 178 AD2d 903).

The plaintiffs' vague and poorly-pleaded claim that they have suffered a confiscatory taking as a result of the actions of the TCB is premature. Since the TCB thus far has merely "flagged" the property, it cannot be said at this point that the plaintiffs have been denied all economically beneficial use of their property so as to constitute a taking (*see generally, Lucas v South Carolina Coastal Council,* 505 US 1003).

The plaintiffs' remaining contentions are without merit. Miller, J. P., Thompson, Sullivan and McGinity, JJ., concur.