■ In the Matter of ROCKY POINT REALTY, LLC, Petitioner, v TOWN OF BROOKHAVEN, Respondent. [828 NYS2d 197]—

Proceeding pursuant to EDPL 207 to review a determination of the Town of Brookhaven dated July 19, 2005, made after a public hearing, authorizing the condemnation of certain real property.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

Judicial review of a condemnation proceeding is limited to whether (1) the proceeding was in conformity with the federal and state constitutions, (2) the proposed acquisition was within

the condemnor's statutory jurisdiction or authority, (3) the condemnor's determinations and findings were made in accordance with procedures set forth in EDPL article 2 and State Environmental Quality Review Act (SEQRA), and (4) a public use, benefit, or purpose will be served by the proposed acquisition (*see* EDPL 207 [C]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 418 [1986]).

There is no merit to the petitioner's contention that the notice of public hearing failed to sufficiently identify the property to be affected by the condemnation proceeding as required by EDPL 202 (A) (*see Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 190 AD2d 40, 46 [1993]; *Matter of Wechsler v New York State Dept. of Envtl. Conservation*, 153 AD2d 300, 303 [1990]). In addition, there is no merit to the petitioner's claim that EDPL 202 (A), which requires the condemnor to state the purpose of the hearing in its notice, "obligates it to describe every aspect of the project and its implementation" (*Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292, 302 [2002] [internal quotation marks omitted]; *see Greenwich Assoc. v Metropolitan Transp. Auth.*, 152 AD2d 216, 220 [1989]).

Further, contrary to the petitioner's assertion, the Town of Brookhaven established that the proposed condemnation will serve a legitimate public purpose. The term "public use" is "broadly defined to encompass any use which contributes to the health, safety, general welfare, convenience or prosperity of the community" (*Greenwich Assoc. v Metropolitan Transp. Auth.*, *supra* at 221 [internal quotation marks omitted]; *see Matter of Byrne v New York State Off. of Parks, Recreation & Historic Preserv.*, 101 AD2d 701, 702 [1984]). At bar, the Town's stated purpose for the proposed condemnation is to enhance the use of the golf course and expand recreational opportunities. Accordingly, the exercise of the eminent domain power here is "rationally related to a conceivable public purpose" (*Matter of Jackson v New York State Urban Dev. Corp.*, *supra* at 425 [internal quotation marks omitted]; *see Matter of Pfohl v Village of Sylvan Beach*, 26 AD3d 820, 821 [2006]; *Centerport Bird Sanctuary v Town of Huntington*, 125 AD2d 521 [1986]).

Likewise, the petitioner's contention that the Town failed to comply with the requirements of the State Environmental Quality Review Act (*see* ECL art 8) in adopting its findings and determination is without merit. SEQRA requires that agencies "minimize or avoid adverse environmental effects" when considering proposed actions (ECL 8-0109 [1]; *see* 6 NYCRR part 617). In the environmental assessment form prepared in

connection with the proposed condemnation, no adverse environmental impacts were identified. The petitioner failed to assert any significant potential for environmental harm that might result from the project. Under these circumstances, the Town's issuance of a negative declaration was appropriate and an environmental impact statement was unnecessary (*see Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue*, 28 AD3d 488, 490 [2006]; *Matter of McCarthy v Town of Smithtown*, 19 AD3d 695 [2005]). Thus, the Town took the requisite "hard look" at the relevant areas of environmental concern and made a reasoned elaboration of the basis for its determination (*see Matter of Incorporated Vil. of Poquott v Cahill*, 11 AD3d 536, 541 [2004]; *Matter of Haberman v City of Long Beach*, 307 AD2d 313, 314 [2003]).

The petitioner's remaining contentions are without merit. Schmidt, J.P., Rivera, Ritter and Lifson, JJ., concur.