In the Matter of Ana Rodgers, Appellant, v City of North Tonawanda, Respondent. [875 NYS2d 409]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 28, 2008 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, denied the petition in part.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to enjoin respondent from requiring the demolition of her boathouse, which is located on property owned by respondent. The demolition was required for the purpose of implementing the Gateway Point Park Project, which included the replacement of a storm sewer outlet and the construction of a park and building complex. According to plaintiff, respondent failed to comply with the requirements of article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) prior to entering into a contract with New York State for a grant to fund the Gateway Point Park Project. Supreme Court granted the petition only in part, enjoining respondent from proceeding with construction of the park and building complex and referring the eviction matter to City Court. We affirm.

We reject petitioner's contention that the court erred in segmenting the storm sewer outlet replacement project from the other aspects of the Gateway Point Park project. The storm sewer outlet replacement project is specifically exempted from review under SEQRA as a type II action (see 6 NYCRR 617.5 [a], [c] [2]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 411 [2004]; *Matter of Civic Assn. of Utopia Estates v City of New York*, 258 AD2d 650 [1999]). Thus, that project was properly segmented from the remainder of the Gateway Point

Park project that is subject to SEQRA review (*see generally Matter of Settco, LLC v New York State Urban Dev. Corp.*, 305 AD2d 1026, 1026-1027 [2003], *lv denied* 100 NY2d 508 [2003]; *Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d 1019, 1019-1020 [2003]). Contrary to the further contention of petitioner, she failed to establish that the storm sewer outlet replacement project is an action subject to referral to a county planning agency pursuant to General Municipal Law § 239-m (3) (a). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.