■ In the Matter of RICHARD SMITHLINE et al., Petitioners, v TOWN AND VILLAGE OF HARRISON, Respondent. [16 NYS3d 823]—

Proceeding pursuant to EDPL 207 to review a determination of the Town and Village of Harrison, dated May 1, 2014, made after a public hearing, authorizing the taking of certain real property by eminent domain.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioners are homeowners in the Town and Village of Harrison (hereinafter together the Town). A neighboring roadway running roughly parallel to their property is prone to significant flooding, resulting in pools of water up to six-feet deep, which renders the right-of-way impassable for individuals and emergency vehicles. Accordingly, the Town determined to undertake a project to construct drainage in the area, which would connect to existing storm sewers and alleviate roadway flooding (hereinafter the drainage project). In service of the drainage project, the town sought a permanent easement across the petitioners' property to install underground drainage and a temporary easement for access and the stockpiling of materials. When the petitioners refused to grant the requested easement, the Town commenced proceedings to obtain the easement via its power of eminent domain. After a hearing, the Town determined that use of eminent domain was authorized and resolved to condemn the subject easement. The petitioners commenced this proceeding pursuant to EDPL 207 challenging the Town's exercise of its power of eminent domain.

The petitioners contend that, in adopting its determination, the Town violated Environmental Conservation Law article 8 (hereinafter SEQRA) and its regulations (6 NYCRR part 617) by failing to properly evaluate the environmental impact of the proposed drainage project and support its determination with adequate findings. However, the Town correctly determined that the drainage project was a SEQRA "Type II" action (*see* 6 NYCRR 617.5 [c] [11], [15], [33]; *Matter of Rodgers v City of N. Tonawanda*, 60 AD3d 1379 [2009]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 411 [2004]; *Matter of Civic Assn. of Utopia Estates v City of New York*, 258 AD2d 650 [1999]). Accordingly, the Town had "no further responsibilities" to conduct environmental review (6 NYCRR 617.6 [a] [1] [i]; *see Matter of Chatham Towers Inc. v New York City Police Dept.*, 75 AD3d 431, 432 [2010]).

A condemnor need not describe every detail of the project or the area to be condemned (*see Matter of Richards v Tompkins*

*County*, 82 AD3d 1323, 1325-1326 [2011]; *Matter of Tadasky Corp. v Village of Ellenville*, 45 AD3d 1131, 1132 [2007]; *Matter of Serdarevic v Town of Goshen*, 39 AD3d 552, 553 [2007]). Here, although it did not describe in detail the scope of the temporary easement for access and the stockpiling of materials which it proposed to acquire, the Town nevertheless adequately described the project in both the notice and determination.

Pursuant to EDPL 202 and 204, a condemnor must give affected parties notice of, inter alia, their right to seek judicial review of the proposed action only on the basis of facts, issues, and objections raised at the hearing, within 30 days of the condemnor's determination (*see* EDPL 202 [A], [C] [2]; 204 [C]). Here, it is undisputed that both the notice of hearing and the notice of determination issued by the Town omitted this information. However, in this case, despite the Town's failure to include these clauses in the notices, the petitioners appeared and participated at the public hearing and timely sought judicial review of the Town's determination. Accordingly, the petitioners have been afforded a full opportunity to raise their objections to the proposed condemnation. Because the petitioners have suffered no prejudice from the Town's omission of the right to judicial review in its notices, the error was harmless and does not warrant invalidation of the Town's determination (*see generally* EDPL 202 [D]; *Matter of Richards v Tompkins County*, 82 AD3d at 1325; *but see Brody v Village of Port Chester*, 434 F3d 121, 123-125 [2d Cir 2005]).

The petitioners' remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.