Matter of River St. Realty Corp. v City of New Rochelle (2020 NY Slip Op 01619)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of River St. Realty Corp. v City of New Rochelle

2020 NY Slip Op 01619

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-00521 DECISION & JUDGMENT

[*1]In the Matter of River Street Realty Corp., petitioner,
vCity of New Rochelle, respondent.

Finger & Finger, P.C., White Plains, NY (Kenneth J. Finger of counsel), for petitioner.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh and Michael Curti of counsel), for respondent.
Proceeding pursuant to EDPL 207 to review a determination of the City of New Rochelle dated December 12, 2017, made after a public hearing, authorizing the taking of certain real property by eminent domain.
ADJUDGED that the determination is confirmed, with costs, the amended petition is denied, and the proceeding is dismissed on the merits.
In 2017, the City of New Rochelle commenced proceedings to acquire the petitioner's property at 65 River Street, New Rochelle, by eminent domain in order to relocate a firehouse. After a public hearing, the New Rochelle City Council approved two resolutions: one in which it adopted the determination and findings to acquire 65 River Street by eminent domain in order to relocate Fire Station #1, and one in which it determined that based upon an environmental assessment form, this action would not have a significant effect on the environment, such that no environmental impact statement was required. Thereafter, the petitioner commenced this proceeding pursuant to EDPL 207 seeking review of the City's determination to acquire the petitioner's property at 65 River Street by eminent domain.
" The principal purpose of EDPL article 2 is to ensure that an agency does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose'" (Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency, 170 AD3d 851, 852, quoting Citibank N.A. v Village of Tarrytown, 149 AD3d 931, 932). "Judicial review of a condemnation determination is limited to whether the proceeding was constitutional, whether the proposed acquisition is within the condemnor's statutory jurisdiction or authority, whether the determination and findings were made in accordance with the procedures set forth in EDPL article 2 and the State Environmental Quality Review Act [hereinafter SEQRA], and whether a public use, benefit, or purpose will be served by the proposed acquisition" (Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency, 170 AD3d at 852 [internal quotation marks omitted]).
Here, contrary to the petitioner's contentions, the City provided proper notice of the hearing to the public and to the petitioner (see EDPL 202). Following the hearing, the City made its determination and findings within 90 days of the conclusion of the hearing (see EDPL 204[A]; [*2]Matter of Wechsler v New York State Dept. of Envtl. Conservation, 76 NY2d 923). Although the City's posthearing notice to the petitioner did not strictly comply with EDPL 204(C)(3) or (4), this error was harmless under the circumstances of this case, as the petitioner had been advised of its judicial remedies in a prior notice, and commenced the instant proceeding in a timely manner (see Matter of Smithline v Town & Vil. of Harrison, 131 AD3d 1173, 1175).
To the extent the petitioner argues that the City erred in not providing a map or stating whether there were any neighboring properties, and that the City did not allow public comment at the hearing, such contentions are not properly before this Court, as the petitioner did not appear at the public hearing, and thus, failed to raise or present them (see Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency, 170 AD3d at 853). In any event, at the hearing, the City was not required to provide a map or to state whether there were any neighboring properties (see EDPL 203), and the contention that it did not allow public comment is belied by the record.
" A property owner seeking to challenge a municipality's finding that a proposed condemnation will further a public use has the burden of establishing that the determination does not rationally relate to a conceivable public purpose'" (Matter of City of New York v Yonkers Indus. Dev. Agency, 170 AD3d 1003, 1004, quoting Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272, affd 12 NY3d 735). A public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage, including any use which contributes to the health, safety, general welfare, convenience, or prosperity of the community (see Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 181, affd 13 NY3d 511). Here, the City's acquisition of the petitioner's property so as to relocate a firehouse to that site serves a public purpose (see Matter of City of New York v Yonkers Indus. Dev. Agency, 170 AD3d at 1004; Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d 1014, 1015). Moreover, the City had broad discretion to decide what land was necessary to fulfill its stated purpose, and there is no evidence that the taking in this case is excessive (see Matter of Peekskill Hgts., Inc. v City of Peekskill Common Council, 110 AD3d 1079, 1081). The fact that a private developer will receive an "incidental benefit" as a result of the project to relocate the firehouse will not invalidate the condemnation (id. at 1080). Furthermore, the petitioner's unsubstantiated allegations fall far short of the clear showing necessary to establish that the City acted in bad faith (see Matter of 265 Penn Realty Corp. v City of New York, 99 AD3d at 1015).
We reject the petitioner's contention that the City failed to comply with SEQRA when it issued a negative declaration, obviating the need for an environmental impact statement. "SEQRA requires that agencies minimize or avoid adverse environmental effects' when considering proposed actions" (Matter of Rocky Point Realty, LLC v Town of Brookhaven, 36 AD3d 708, 709, quoting ECL 8-0109[1]). "Judicial review of a negative declaration under SEQRA is limited to whether the lead agency identified the relevant areas of environmental concern, took the requisite hard look, and made a reasoned elaboration of the basis for its determination" (Matter of Star Prop. Holding, LLC v Town of Islip, 164 AD3d 799, 801). Thus, our review is deferential for " it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively'" (Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 931, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416). Here, the City filed the required environmental assessment form prepared in connection with the proposed condemnation and no adverse impacts were identified (see Matter of Route 17K Real Estate, LLC v Zoning Bd. of Appeals of the Town of Newburgh, 168 AD3d 1065, 1067-1068; Matter of Rocky Point Realty, LLC v Town of Brookhaven, 36 AD3d at 709-710). As the petitioner failed to assert any significant potential for environmental harm that might result from the project, the City's issuance of a negative declaration was appropriate and an environmental impact statement was unnecessary (see Matter of Rocky Point Realty, LLC v Town of Brookhaven, 36 AD3d at 710). The record demonstrates that the City took the requisite hard look at the relevant areas of environmental concern and made a reasoned elaboration of the basis for its determination (see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d at 932).
The petitioner's remaining contention is without merit.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.

2018-00521 ON MOTION
In the Matter of River Street Realty Corp., petitioner,
v City of New Rochelle, respondent.

DECISION & ORDER
Motion by the respondent pursuant to CPLR 3211(a)(7) to dismiss this proceeding pursuant to EDPL 207 to review a determination of the City of New Rochelle dated December 12, 2017, made after a public hearing, authorizing the taking of certain real property by eminent domain. Cross motion by the petitioner to dismiss the respondent's affirmative defenses. By decision and order on motion of this Court dated May 1, 2019, as amended December 11, 2019, the motion and the cross motion were held in abeyance and referred to the panel of Justices hearing the proceeding for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross motion, the papers filed in opposition thereto, and upon the argument of the proceeding, it is
ORDERED that the branch of the motion which is to dismiss the cause of action challenging a 2016 amendment to the City of New Rochelle Zoning Code is granted, and the motion is otherwise denied; and it is further,
ORDERED that the branches of the cross motion which are to dismiss the first, second, and ninth affirmative defenses are granted, and the cross motion is otherwise denied.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court