Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency (2021 NY Slip Op 04134)





Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency


2021 NY Slip Op 04134


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-00407

[*1]In the Matter of Gabe Realty Corp., et al., petitioners,
v
City of White Plains Urban Renewal Agency, respondent.


Watkins & Watkins, LLP, White Plains, NY (John E. Watkins, Jr., and Liane V. Watkins of counsel), for petitioners.
Harris Beach PLLC, White Plains, NY (Christopher Feldman and Shawn M. Griffin of counsel), for respondent.



DECISION & JUDGMENT
Proceeding, inter alia, pursuant to EDPL 207 to review a determination of the City of White Plains Urban Renewal Agency dated December 5, 2019, made after a public hearing, authorizing the taking of certain real property by eminent domain.
ADJUDGED that the petition is granted, on the law, with costs, and the determination of the City of White Plains Urban Renewal Agency dated December 5, 2019, is annulled.
After a hearing, the City of White Plains Urban Renewal Agency (hereinafter the agency) adopted resolutions approving the acquisition of certain real property via condemnation and issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). The parcels to be condemned are included within a designated urban renewal area. The petitioners, owners of some of the parcels within the area to be condemned, commenced this proceeding, inter alia, pursuant to EDPL 207 seeking review of the agency's determination to acquire their properties by eminent domain.
Pursuant to EDPL 207(A) and (B), this Court has exclusive jurisdiction over challenges to the proposed exercise of the power of condemnation. Since "'[t]he Constitution accords government broad power to take and clear substandard and insanitary areas for redevelopment [and i]n so doing . . . commensurately deprives the Judiciary of grounds to interfere with the exercise'" (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 253, quoting Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 527), a court "may only substitute its own judgment for that of the legislative body authorizing the project when such judgment is irrational or baseless" (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d at 254). Accordingly, a party challenging a proposed condemnation "has the burden of establishing that the determination does not rationally relate to a conceivable public purpose" (Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 181, affd 13 NY3d 511; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425; Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d 676, 678; Matter of City of New York v Yonkers Indus. Dev. Agency, 170 AD3d 1003, 1004).
A condemning authority which has determined to take real property via eminent [*2]domain must, among other things, render findings regarding the project, including, its (1) public use, benefit, or purpose; (2) approximate location; (3) general effect on the environment and nearby residents; and (4) such other factors as the condemnor considers relevant (see EDPL 204[B]; Matter of National Fuel Gas Supply Corp. v Schueckler, 35 NY3d 297, 303). This requirement is intended to serve the purpose of EDPL article 2, which is "'to [e]nsure that [a condemnor] does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose'" (Matter of National Fuel Gas Supply Corp. v Schueckler, 35 NY3d at 303, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417-418; see Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d at 677).
Where a condemnee challenges an agency's determination to condemn real property, "[j]udicial review is limited to whether (1) the proceeding conformed with the Federal and State Constitutions; (2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority; (3) the condemnor's determination and findings were made in accordance with the appropriate statutory procedures; and (4) a public use, benefit or purpose will be served by the proposed condemnation" (Matter of National Fuel Gas Supply Corp. v Schueckler, 35 NY3d at 304; see EDPL 207[C]; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 418; Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d at 677; Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency, 170 AD3d 851, 852; Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272, affd 12 NY3d 735).
"A public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage, including any use which contributes to the health, safety, general welfare, convenience, or prosperity of the community" (Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d at 678; see Matter of City of New York v Yonkers Indus. Dev. Agency, 170 AD3d at 1004).
As the agency points out, the remediation of substandard or insanitary conditions (i.e., urban blight) is a proper basis for the exercise of the power of eminent domain (see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d at 252-253; Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d at 524; Yonkers Community Dev. Agency v Morris, 37 NY2d 478, 483). Here, however, the agency relies only on conclusory assertions of blight based upon a 25-year-old urban renewal plan which itself lacks detail or documentation.
This Court will not act as a mere "rubber stamp[ ]" to approve findings of blight where the condemning authority has failed to provide evidence to support its findings (Yonkers Community Dev. Agency v Morris, 37 NY2d at 485). Here, the agency's "bare pleading" (id. at 484) of substandard conditions did not satisfy its obligation to respond to a challenge to its finding of blight by presenting "an adequate basis" for its conclusion (id. at 486; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 425).
Where a condemning authority does not demonstrate that property is substandard for the purpose of urban renewal, the authority must identify some public purpose other than the purported remediation of blight (see Yonkers Community Dev. Agency v Morris, 37 NY2d at 482). While a condemning authority may select virtually any project which "contributes to the health, safety, general welfare, convenience, or prosperity of the community" (Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d at 678; see Matter of City of New York v Yonkers Indus. Dev. Agency, 170 AD3d at 1004), this broad discretion does not relieve the authority from selecting a particular project and, where demanded by the property owner, submitting that project to judicial scrutiny.
The effect of condemnation of property upon the surrounding community "depends on the use to which the property is put, and without knowing the use," a condemning authority cannot reasonably conclude that the taking will serve a public use, benefit, or purpose (Daniels v Area Plan Commn. of Allen County, 306 F3d 445, 465 [7th Cir]). A mere potential future public benefit is not sufficient to satisfy the requirement that property be taken only for public benefit (see Cincinnati v Vester, 281 US 439, 448; Daniels v Area Plan Commn. of Allen County, 306 F3d at [*3]466). We agree with the Federal Court of Appeals for the Seventh Circuit that the existence of a "public use" must be determined at the time of the taking since the requirement of public use would otherwise be rendered meaningless by bringing "speculative future public benefits" which might never be realized within its scope (Daniels v Area Plan Commn. of Allen County, 306 F3d at 466; see generally Yonkers Community Dev. Agency v Morris, 37 NY2d at 484-486). This is consistent with the purpose of EDPL article 2 of ensuring that a condemnor "'does not acquire property without having made a reasoned determination that the condemnation will serve a valid public purpose'" (Matter of National Fuel Gas Supply Corp. v Schueckler, 35 NY3d at 303, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417-418; see Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d at 677). Likewise, although the agency completed a full SEQRA Environmental Assessment Form, it failed to identify the relevant areas of environmental concern and take a hard look at them (see Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d at 679).
The petitioners are entitled to be reimbursed for attorneys' fees and costs pursuant to EDPL 702(B) (see Hargett v Town of Ticonderoga, 13 NY3d 325).
The agency's remaining contention is without merit.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court