Matter of Capitano v Town Bd. of the Town of Brookhaven (2021 NY Slip Op 06168)





Matter of Capitano v Town Bd. of the Town of Brookhaven


2021 NY Slip Op 06168


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-04314

[*1]In the Matter of Salvatore Capitano, etc., et al., petitioners, 
v
Town Board of the Town of Brookhaven, et al., respondents. Scheyer & Stern, LLC, Nesconset, NY (Fredrick P. Stern of counsel), for petitioners.


Annette Eaderesto, Town Attorney, Farmingville, NY (Kenneth J. Lauri of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to EDPL 207, inter alia, to review a determination of the Town Board of the Town of Brookhaven dated February 27, 2020, made after a public hearing, authorizing the taking of certain real property by eminent domain.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In August 2014, Salvatore Capitano and Marlene Capitano (hereinafter together the petitioners), as co-trustees of the Capitano Living Trust (hereinafter the Trust), gave written permission to the Town of Brookhaven Highway Department to "access and repair a failing drainage pipe" running through certain real property owned by the Trust. Thereafter, the petitioners signed an application describing the project as "the repair and replacement of a failing drainage system that was compromised during [Superstorm] Sandy," during which "[t]he existing . . . pipe will be replaced and extended seaward to maintain drainage pitch." In February 2015, the New York State Department of Environmental Conservation issued a permit for the project to "[r]emove and replace drainage pipe in place and backfill," and the project was subsequently completed.
At a public hearing held on February 27, 2020, the Town Board of the Town of Brookhaven (hereinafter the Town Board) considered the condemnation of an easement to access and maintain the drainage pipe. The Town Board determined that the proposed action was a "Type II" action under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), and directed the condemnation by eminent domain. The petitioners then commenced this proceeding pursuant to EDPL 207, inter alia, to review the Town Board's determination. The petitioners alleged that the project has had a "significant effect on the environmental conditions" at the property, and that the "Type II" classification was improper. The petitioners stated that they "do no object to the proposed easement but, rather, seek to compel the Town to do the requisite environmental review and propose the necessary mitigation measures needed to restore the . . . Property to its condition prior to the installation of the New Drainage System."
Contrary to the petitioners' contention, there is no basis to disturb the Town Board's determination that the proposed action was a SEQRA "Type II" action (see Matter of Rodgers v City of N. Tonawanda, 60 AD3d 1379; Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 411; [*2]Matter of Civic Assn. of Utopia Estates v City of New York, 258 AD2d 650), and thus, that the Town had "no further responsibilities" to conduct an environmental review (6 NYCRR 617.6[a][1][i]). Accordingly, we confirm the Town Board's determination, deny the petition, and dismiss the proceeding.
The petitioners' remaining contention is without merit.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court