Matter of Abklir Realty Co., Inc. v Nassau Regional Off-Track Betting Corp. (2025 NY Slip Op 00318)

Matter of Abklir Realty Co., Inc. v Nassau Regional Off-Track Betting Corp.

2025 NY Slip Op 00318

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-05574

[*1]In the Matter of Abklir Realty Co., Inc., petitioner,
v
Nassau Regional Off-Track Betting Corporation, respondent.

Ruskin Moscou Faltischek, P.C., Uniondale, NY (Mark S. Mulholland and Briana Enck-Smith of counsel), for petitioner.
Phillips Lytle LLP, Garden City, NY (Craig A. Leslie, Jacob S. Sonner, and Matthew J. Fitzgerald of counsel), for respondent.

Proceeding pursuant to EDPL 207, inter alia, to review a determination of Nassau Regional Off-Track Betting Corporation dated June 16, 2022, made after a public hearing, authorizing the taking of certain real property by eminent domain.
ADJUDGED that the petition is granted, on the law, with costs, and the determination is rejected.
The respondent, Nassau Regional Off-Track Betting Corporation, is a public benefit corporation created pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 502. The petitioner is the owner of a parcel of land located on Hempstead Turnpike in Franklin Square, Town of Hempstead. The structure on the petitioner's land occupies the mailing addresses 1049 through 1063 Hempstead Turnpike. The structure is split into two sections, one labeled 1063 Hempstead Turnpike, and the other labeled 1049 Hempstead Turnpike, the latter of which is comprised of addresses 1049 through 1057 Hempstead Turnpike.
At all relevant times, 1049 Hempstead Turnpike has been occupied by a variety of business tenants. The respondent has been leasing 1063 Hempstead Turnpike from the petitioner since 1987 for use as an off-track betting location.
After a hearing, on June 16, 2022, the respondent adopted a resolution approving a determination to acquire certain real property by eminent domain and a resolution issuing a negative declaration for the acquisition pursuant to the State Environmental Quality Review Act (ECL art 8). In July 2022, the petitioner commenced this proceeding pursuant to EDPL 207 to review the respondent's determination and for an award of attorneys' fees and costs.
Pursuant to EDPL 207(A) and (B), "this Court has exclusive jurisdiction over challenges to the proposed exercise of the power of condemnation" (Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency, 195 AD3d 1020, 1021). However, "a court 'may only substitute its own judgment for that of the legislative body authorizing the project when such judgment is irrational or baseless'" (id., quoting Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 254). "Where a condemnee challenges an agency's determination to condemn real [*2]property, '[j]udicial review is limited to whether (1) the proceeding conformed with the Federal and State Constitutions; (2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority; (3) the condemnor's determination and findings were made in accordance with the appropriate statutory procedures; and (4) a public use, benefit or purpose will be served by the proposed condemnation'" (id. at 1022, quoting Matter of National Fuel Gas Supply Corp. v Schueckler, 35 NY3d 297, 304; see EDPL 207[C]). "'If an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the agency's determination should be confirmed'" (Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 181, affd 13 NY3d 511, quoting Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 720).
 A public benefit corporation created pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 502, such as the respondent, may acquire property via condemnation "provided that the corporation shall not condemn any real property without first having obtained the consent of the chief elected official in the jurisdiction in which such real property is located" (id. § 503[4]). Here, the respondent obtained the consents of Bruce A. Blakeman, County Executive of the County of Nassau, and Donald X. Clavin, Jr., Supervisor of the Town of Hempstead, to acquire the property via condemnation. Both consents approved the respondent's condemnation of "a certain parcel of land, together with the improvements thereon, located at 1063 Hempstead Turnpike."
However, neither consent mentioned 1049 through 1057 Hempstead Turnpike. Nothing in the text of the consents or in the attached maps conveyed that the consents applied to both buildings located at 1063 as well as 1049 through 1057 Hempstead Turnpike. The respondent's resolutions prior to obtaining the consents had only mentioned the property located at 1063 Hempstead Turnpike, not the property located at 1049 through 1057 Hempstead Turnpike. Only after obtaining these consents did the respondent begin referring to its acquisition as encompassing all of 1049 through 1063 Hempstead Turnpike. Contrary to the respondent's contention, nothing in the consents or in the record as a whole suggested that 1063 Hempstead Turnpike was a colloquialism to refer to the entirety of 1049 through 1063 Hempstead Turnpike. Accordingly, the respondent's determination was not made in accordance with the appropriate statutory procedures since it lacked the authority to condemn all of 1049 through 1063 Hempstead Turnpike pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 503(4) (see Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency, 195 AD3d at 1022).
The petitioner is entitled to be reimbursed for attorneys' fees and costs pursuant to EDPL 702(B) (see Hargett v Town of Ticonderoga, 13 NY3d 325, 330; Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency, 195 AD3d at 1023).
The parties' remaining contentions either are without merit, are academic, or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
 
2022-05574 ON MOTION
In the Matter of Abklir Realty Co., Inc., petitioner,
v Nassau Regional Off-Track Betting Corporation,
respondent.
 

DECISION & ORDER
Proceeding pursuant to EDPL 207. Motion by the respondent, inter alia, in effect, for summary judgment dismissing the proceeding. By decision and order on motion of this Court dated May 1, 2024, that branch of the motion which is, in effect, for summary judgment dismissing the proceeding was held in abeyance and referred to the panel of Justices hearing the proceeding for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the proceeding, it is
ORDERED that the branch of the motion which is, in effect, for summary judgment dismissing the proceeding is denied as academic.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court