■ In the Matter of COSIMO PANETTA, Appellant, v CITY OF RYE et al., Respondents. [963 NYS2d 274]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Planning Commission of the City of Rye, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Colangelo, J.), dated September 12, 2011, which, upon severing the cause of action alleging a regulatory taking, denied the remaining portions of the petition and dismissed the remaining portions of the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this proceeding challenging Resolution 05-2010 of the City of Rye Planning Commission (hereinafter the Planning Commission), which denied his application to modify the standards for private streets to allow him to build a single-family residence on a vacant parcel of property he owned on Howard Place, a street in the City of Rye. The Planning Commission's determination was based upon a resolution it adopted in 1968 (hereinafter the 1968 Resolution), which set forth minimum standards "for the purpose of determining whether a private street presently providing access for existing buildings is acceptably improved to permit the issuance of building permits for property having access therefrom."

Initially, we reject the petitioner's contentions that Howard Place is not a private street, but rather is a right of way to which the 1968 Resolution does not apply, or alternatively, that there is an ambiguity as to whether Howard Place is a private street which should be resolved in his favor. The 1968 Resolution includes a list of private streets which are not acceptably improved, and Howard Place is on that list.

A local planning board has broad discretion in deciding applications for site-plan approvals, and judicial review is limited to determining whether the board's decision was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Fairway Manor, Inc. v Bertinelli*, 81 AD3d 821, 822 [2011]). Here, the Planning Commission's determination that Howard Place did not provide reasonable access from the proposed single-family dwelling to a street which was suitably improved had a rational basis and was not arbitrary and capricious (*cf. American Nassau Bldg. Sys. v Press*, 143 AD2d 789 [1988]).

As the parties acknowledge, the petitioner's cause of action alleging a regulatory taking was severed from this action and, thus, any issue raised with respect to that cause of action is not before us.

The petitioner's remaining contention is without merit. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.