■ In the Matter of PANEVAN CORPORATION et al., Appellants, v TOWN OF GREENBURGH et al., Respondents. [41 NYS3d 64]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Greenburgh Planning Board dated January 30, 2014, which, inter alia, granted site plan approval and special permits to Dimitri Ostashkin, doing business as 788 Central Park Avenue, LLC, and action for a judgment declaring, inter alia, certain special permits null and void, the petitioners/plaintiffs appeal (1), as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Warhit, J.), entered September 12, 2014, which, inter alia, granted that branch of the motion of the Town of Greenburgh and the Greenburgh Planning Board which was to dismiss the causes of action asserted by the petitioner/plaintiff Panevan Corporation, and (2) a judgment of the same court entered December 19, 2014, which, upon the order, denied the petition and dismissed the proceeding/action in its entirety.

Ordered that the appeal from the order entered September 12, 2014, is dismissed; and it is further,

Ordered that the judgment entered December 19, 2014, is modified, on the law, by deleting the provision thereof dismissing the action, and adding thereto provisions declaring that the special permits issued by the Greenburgh Planning Board are valid, that the Greenburgh Planning Board had jurisdiction to grant the applicant a set-back variance, and that the determination of the Greenburgh Planning Board to approve the application for site plan approval was valid; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this hybrid proceeding/action, the petitioners/plaintiffs, Panevan Corporation (hereinafter Panevan), the owner of property at 784 Central Park Avenue in the Town of Greenburgh, and 784 SCPA Rest. Corp. (hereinafter Rest. Corp.), an entity which leases that property, where it operates a diner, challenge a determination of the Greenburgh Planning Board (hereinafter the Planning Board) which, inter alia, granted site plan approval and special permits to the respondent/defendant Dimitri Ostashkin, doing business as 788 Central Park Avenue (hereinafter Ostashkin), allowing the development of his property, which is located adjacent to 784 Central Park Avenue. The Town and the Planning Board moved to dismiss the proceeding/action on the ground, among others, that Panevan and Rest. Corp. lacked standing. In the order appealed from, the Supreme Court, inter alia, granted those branches of the motion which were to dismiss the proceeding/action for lack of standing insofar as asserted by Panevan. In the judgment appealed from, the court, inter alia, determined that the Planning Board properly granted site plan approval and the special parking permits to Ostashkin, and denied the petition and dismissed the proceeding/action in its entirety.

"A local planning board has broad discretion in deciding applications for site-plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Harbor Park Realty, LLC v Mandelik*, 116 AD3d 1040, 1040 [2014]). Here, contrary to Rest. Corp.'s contention, the determination regarding site plan approval had a rational basis, and was not

illegal, arbitrary and capricious, or an abuse of discretion (*see id.*; *Matter of Hejna v Board of Appeals of Vil. of Amityville*, 105 AD3d 843, 844 [2013]; *Matter of Panetta v City of Rye*, 105 AD3d 748, 749 [2013]).

The Supreme Court properly determined that Panevan failed to establish standing (*see Matter of Panevan Corp. v Town of Greenburgh*, 144 AD3d 806 [2016] [decided herewith]; *see also Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406 [1987]; *Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd.*, 139 AD3d 942 [2016]; *cf. Gershon v Cunningham*, 135 AD3d 816 [2016]).

The petitioners/plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the judgment should have included a provision declaring that the special permits issued by the Planning Board are valid, that the Planning Board had jurisdiction to grant Ostashkin a setback variance, and that the Board's determination to approve the application for site plan approval was valid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.