Matter of Empire Import-Export of USA, Inc. v Town of E. Hampton Planning Bd. (2020 NY Slip Op 04941)





Matter of Empire Import-Export of USA, Inc. v Town of E. Hampton Planning Bd.


2020 NY Slip Op 04941


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-01492
 (Index No. 2008/16)

[*1]In the Matter of Empire Import-Export of USA, Inc., appellant, 
v
Town of East Hampton Planning Board, respondent.


Tarbet & Lester, PLLC, East Hampton, NY (Jonathan Tarbet of counsel), for appellant.
Michael Sendlenski, Town Attorney, East Hampton, NY (John C. Jilnicki of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, Town of East Hampton Planning Board, dated January 27, 2016, denying the petitioner's application for site plan approval for the installation of a canopy, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (William G. Ford, J.), dated October 23, 2017. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner contends that the determination of the respondent, Town of East Hampton Planning Board (hereinafter the Planning Board), to deny the petitioner's application for site plan approval for the installation of a canopy at a gas station in the hamlet of Montauk was not supported by substantial evidence. However, the Planning Board's determination was made after informational public hearings, as opposed to a quasi-judicial evidentiary hearing, and therefore, the substantial evidence standard of review does not apply (see Matter of Zupa v Board of Trustees of Town of Southold, 54 AD3d 957; Matter of Halperin v City of New Rochelle, 24 AD3d 768).
A local planning board has broad discretion in deciding applications for site plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Bruno v Village of Tuxedo Park Planning Bd., 151 AD3d 721; Matter of Ramapo Pinnacle Props., LLC v Village of Airmont Planning Bd., 145 AD3d 729; Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 808).
Town Law § 274-a(4) provides that a planning board, where authorized by ordinance or local law, shall have the authority to impose such reasonable conditions and restrictions as are directly related to and incidental to a proposed site plan (see Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd., 166 AD3d 985; Matter of Valentine v McLaughlin, 87 AD3d 1155). Here, the Planning Board properly considered whether the proposed project was consistent with the use of surrounding properties, and whether it would bring about a noticeable change in the visual character of the area (see Matter of Rock of Salvation Church v Village of Sleepy Hollow [*2]Planning Bd., 166 AD3d at 986; Matter of Valentine v McLaughlin, 87 AD3d at 1157). Given the size and scale of this particular proposed canopy, we cannot say that the Planning Board's determination did not have a rational basis. Therefore, we agree with the Supreme Court's determination to deny the petition (see Matter of Armand Gustave, LLC, v Pavacic, 173 AD3d 1170; Matter of Deerepark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037).
The petitioner's remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court