Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh (2021 NY Slip Op 05858)





Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh


2021 NY Slip Op 05858


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2018-01493 
2018-09573
 (Index No. 6796/17)

[*1]In the Matter of Route 17K Real Estate, LLC, et al., appellants, 
v
Planning Board of the Town of Newburgh, et al., respondents.


Law Offices of Charles T. Bazydlo, P.C., Thompson Ridge, NY, for appellants.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondents Ram Hotels, Inc., and Newburgh Auto Park, LLC.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (Michael H. Donnelly of counsel), for respondent Planning Board of the Town of Newburgh.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of the Town of Newburgh, dated July 20, 2017, and February 1, 2018, respectively, the petitioners appeal from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated December 12, 2017, and (2) a judgment of the same court dated May 30, 2018. The order, insofar as appealed from, dismissed the petitioners' claims challenging the closing of the public hearing and the State Environmental Quality Review Act (ECL art 8) review of the Planning Board of the Town of Newburgh. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
RAM Hotels, Inc. (hereinafter RAM), received approval from the Planning Board of the Town of Newburgh (hereinafter the Planning Board) for its plan to build a five-story hotel on the subject property by resolution dated July 20, 2017. The petitioners commenced this proceeding pursuant to CPLR article 78 to annul the resolution approving the site plan. The petition alleged that the Planning Board improperly closed the public hearing after only one meeting. It also alleged that the approval of the site plan without considering signage constituted improper segmentation in violation of State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). The petition further alleged that the site plan did not include the minimum number of parking spaces required by the Town Code. In an order dated December 12, 2017, the Supreme Court found that the petitioners' claims regarding the closing of the public hearing and SEQRA review were without merit. The court remitted the matter to the Planning Board for clarification with respect to the calculation of required parking spaces at the subject property. Thereafter, RAM submitted an amended site plan, which the [*2]Planning Board approved by resolution dated February 1, 2018. In the resolution granting approval of the amended plan, the Planning Board clarified the number of required parking spaces, as directed by the court in its order. In a judgment dated May 30, 2018, the court denied the petition and dismissed the proceeding.
The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and we decline to grant leave to appeal in light of the entry of a final judgment in this matter (see Matter of Save Harrison, Inc. v Town/Village of Harrison, NY, 168 AD3d 949, 951; Matter of Yorktown Smart Growth v Town of Yorktown, 168 AD3d 957, 958). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Contrary to the petitioners' contention, the Planning Board's determination to close the public hearing after one meeting and approve the site plan was not arbitrary, capricious, or contrary to law. Pursuant to Town of Newburgh Code § 185-57(K)(1), the Planning Board was not required to hold a public hearing on the application for site plan approval, and Town Law § 274-a(8) requires a public hearing only where required by ordinance or local law. Thus, the Planning Board was not required to hold a public hearing on the instant application, but it did so in its discretion on April 20, 2017.
The petitioner's contention that the Planning Board's approval of RAM's application was in violation of SEQRA is without merit. Judicial review of SEQRA findings "is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430 [internal quotation marks omitted]). This review is deferential, for "it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (id. at 430). Courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see id.; Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 931; Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow, 292 AD2d 617).
Here, the Planning Board, which was the lead agency in this matter, issued a written negative declaration that contained a reasoned elaboration of the basis for its determination which indicated that it had identified and taken a hard look at the relevant areas of environmental concern. The Supreme Court could not substitute its own judgment for that of the Planning Board, the lead agency (see Matter of Neeman v Town of Warwick, 184 AD3d 567, 569; Matter of Plaza v City of New York, 305 AD2d 604). The fact that the site plan was approved without signage did not constitute segmentation under SEQRA. Segmentation is defined as the division of the environmental review of a single action such that various activities or stages are addressed as though they are independent, unrelated activities, needing individual determinations of significance (see 6 NYCRR 617.2[ah]). The regulations which prohibit segmentation are designed to guard against a distortion of the approval process by preventing a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review (see Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817, 822-823; Matter of Maidman v Incorporated Vil. of Sands Point, 291 AD2d 499, 501). Here, signage is not being treated as an independent, unrelated activity, but as a part of the entire project, and allowing RAM to return to the Planning Board with a signage proposal will not distort the approval process.
The Supreme Court did not err in upholding the Planning Board's approval of the amended site plan. A local planning board has broad discretion in deciding applications for site plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Empire Import-Export of USA, Inc. v Town of E. Hampton Planning Bd., 186 AD3d 1364, 1364; Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd., 166 AD3d 985, 986; Matter of Valentine v McLaughlin, 87 AD3d 1155, 1157). Where a planning board's decision has a rational basis in the record, a court [*3]may not substitute its own judgment, even where the evidence could support a different conclusion (see Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd., 186 AD3d at 986; Matter of Valentine v McLaughlin, 87 AD3d at 1158). Here, the Planning Board's decision to approve the amended site plan has a rational basis in the record, and was not was illegal, arbitrary and capricious, or an abuse of discretion.
In light of our determination, we need not reach the remaining contention of RAM and the respondent Newburgh Auto Park, LLC, which is raised as an alternative ground for affirmance (see Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 691).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court