Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle (2022 NY Slip Op 00309)





Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle


2022 NY Slip Op 00309


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-06676
 (Index Nos. 66342/16, 68775/16)

[*1]In the Matter of Cynthia Manocherian, et al., appellants,
v
Zoning Board of Appeals of the Town of New Castle, et al., respondents-respondents, et al., respondent. (Proceeding No. 1)
In the Matter of Laura Houston Whitlinger, et al., appellants,
v
Zoning Board of Appeals of the Town of New Castle, et al., respondents-respondents, et al., respondent. (Proceeding No. 2)


Sive, Paget & Riesel, P.C., New York, NY (Mark A. Chertok, Steven Barshov, Sahana Rao, and Adam Stolorow of counsel), for appellants in Proceeding No. 1, and David K. Gordon, Poughkeepsie, NY, for appellants in Proceeding No. 2 (one brief filed).
Keane & Beane P.C., White Plains, NY (Eric L. Gordon and Edward J. Phillips of counsel), for respondents-respondents Zoning Board of Appeals of the Town of New Castle and William J. Maskiell.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Virginia K. Trunkes, Diana B. Kolev, Mark P. Weingarten, and Peter J. Wise of counsel), for respondents-respondents Spring Valley Road, LLC, and MSAF Group, LLC.



DECISION & ORDER
In related proceedings pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of New Castle dated September 28, 2016, granting the application of the respondents Spring Valley Road, LLC, and MSAF Group, LLC, for an amended special use permit and an area variance, the petitioners in Proceeding No. 1 appeal, and the petitioners in Proceeding No. 2 separately appeal, from a judgment of the Supreme Court, Westchester County (Paul I. Marx, J.), dated May 16, 2018. The judgment denied the petitions and dismissed the proceedings.
ORDERED that the judgment is affirmed, with one bill of costs payable by the petitioners appearing separately and filing separate briefs.
The respondents Spring Valley Road, LLC, and MSAF Group, LLC, doing business as Sunshine Children's Home and Rehab Center (hereinafter together Sunshine), own a facility for the care of disabled and chronically ill children located on 33 acres in the Town of New Castle. [*2]Fifty-four children with complex medical needs currently reside at the facility. The facility is located in a residential district, and operates under an existing special use permit originally issued in 1964. The original special use permit was to operate a sanitarium for children with chronic asthma. At some point thereafter, the facility began to house and treat children with a wide variety of disabilities and life-threatening medical conditions.
In 2014, Sunshine filed an application with the respondent Zoning Board of Appeals of the Town of New Castle (hereinafter the ZBA) to amend the special use permit to expand the facility. Sunshine also applied for an area variance from the requirement that nursing homes must front on or have direct access to a state or county road. In an email dated April 27, 2015, the respondent William J. Maskiell, who was the Building Inspector for the Town, stated that Sunshine did not need a variance from the requirement that nursing homes must front on a state or county road, because its use as a nursing home predated the time when that requirement was added to the Town Zoning Code. On September 28, 2016, the ZBA, as the lead agency under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), issued a negative declaration and granted the application for the amended special use permit. Moreover, despite Maskiell's opinion that such a variance was not necessary, the ZBA also granted Sunshine's application for a variance from the requirement that nursing homes must front on or have direct access to a state or county road.
The petitioners, who are owners of neighboring properties, commenced these CPLR article 78 proceedings seeking to review the ZBA's determination granting Sunshine's application for an amended special use permit and an area variance. The Supreme Court denied the petitions and dismissed the proceedings. The petitioners appeal.
The Supreme Court properly rejected the petitioners' contention that Sunshine's use of the property as a nursing home for disabled and chronically sick children was not a permissible continuation of a preexisting legal nonconforming use of the facility as a sanitarium for children with chronic asthma (see Rogers v Association for Help of Retarded Children, Inc., 308 NY 126, 132-133; People v Perkins, 282 NY 329, 330; Walter v Harris, 163 AD2d 619, 621; Matter of Allen v Hattrick, 87 AD2d 575).
The ZBA properly granted Sunshine an area variance from the nursing home special use permit frontage/access requirement. "Town Law § 274-b(3) vests a ZBA with authority to grant an area variance from any requirement in a zoning regulation, including those for a special use permit" (Matter of Real Holding Corp. v Lehigh, 2 NY3d 297, 299). Similarly, Town of New Castle Zoning Code § 60-540(D)(2)(d) provides that "where a proposed special permit use contains one or more features which do not comply with the zoning regulations . . . , application may be made to the Board of Appeals for an area variance or variances." Contrary to the petitioners' contention, the frontage/access requirement was not a use restriction requiring a use variance (see Matter of Real Holding Corp. v Lehigh, 2 NY3d 297; Matter of Route 17K Real Estate, LLC v Zoning Bd. of Appeals of the Town of Newburgh, 168 AD3d 1065, 1066).
Moreover, the petitioners' contention that the ZBA failed to comply with SEQRA when it issued a negative declaration, obviating the need for an environmental impact statement, is without merit. "Judicial review of a negative declaration under SEQRA is limited to whether the lead agency identified the relevant areas of environmental concern, took the requisite hard look, and made a reasoned elaboration of the basis for its determination" (Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d 676, 679 [internal quotation marks omitted]; see Matter of Favre v Planning Bd. of the Town of Highlands, 185 AD3d 681, 683; Matter of Star Prop. Holding, LLC v Town of Islip, 164 AD3d 799, 801). Here, the record establishes that the ZBA identified the relevant areas of environmental concern as related to the project, took the requisite hard look, and made a reasoned elaboration of the basis for its determination.
However, the Supreme Court erred in determining that the petitioners failed to exhaust their administrative remedies by failing to appeal from the April 27, 2015 email sent by Maskiell, the Town's Building Inspector. The petitioners were not required to appeal from that [*3]email because the email was not filed as required by Town Law § 267-a(5) (see Matter of Corrales v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry, 164 AD3d 582, 586).
DUFFY, J.P., BARROS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court