Matter of Tampone v Town of Red Hook Zoning Bd. of Appeals (2023 NY Slip Op 02013)

Matter of Tampone v Town of Red Hook Zoning Bd. of Appeals

2023 NY Slip Op 02013

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-04214
 (Index No. 2645/17)

[*1]In the Matter of Dominic Tampone, et al., appellants, 
v
Town of Red Hook Zoning Board of Appeals, et al., respondents.

Whiteman Osterman & Hanna LLP, Albany, NY (William S. Nolan and Jon E. Crain of counsel), for appellants.
Warren S. Replansky, P.C., Rhinebeck, NY, for respondents Daniel Shafer, Vanessa Shafer, Shafer's, LLC, Shafer's Hudson Valley, LLC, and Lorraine DeCarolis.
Law Offices of Rodenhausen Chale & Polidoro LLP, Rhinebeck, NY (J. Patrick Logan of counsel), for respondents Town of Red Hook Zoning Board of Appeals, Robert Fennell, Town of Red Hook Planning Board, Town of Red Hook Town Board, and Robert McKeon (no brief filed).

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Red Hook Zoning Board of Appeals dated October 11, 2017, and to review a determination of the Town Board of the Town of Red Hook dated February 13, 2018, adopting a resolution enacting Local Law No. 1 of 2018 of the Town of Red Hook, and action, among other things, for declaratory relief, the petitioners/plaintiffs appeal from a corrected order and judgment (one paper) of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated March 13, 2019. The corrected order and judgment, insofar as appealed from, denied the amended petition and dismissed the proceeding.
ORDERED that the corrected order and judgment is affirmed insofar as appealed from, with costs to the respondents Daniel Shafer, Vanessa Shafer, Shafer's, LLC, Shafer's Hudson Valley, LLC, and Lorraine DeCarolis.
In November 2017, the petitioners/plaintiffs (hereinafter the petitioners), owners of certain residential real property in the Town of Red Hook, commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief following the dismissal by the Town of Red Hook Zoning Board of Appeals (hereinafter the Zoning Board) of their administrative appeal challenging a determination by a Town Zoning Enforcement Officer (hereinafter the Zoning Enforcement Officer) that a proposed subsurface sewage disposal system is a permitted nonresidential accessory use that could be located on a lot with split zoning—where a portion of the lot is zoned for commercial use and the remainder is zoned for residential use—in the Town.
While this hybrid proceeding/action was pending, the Town Board of the Town of Red Hook (hereinafter the Town Board) proposed amending the Zoning Law of the Town of Red [*2]Hook, Dutchess County, New York (hereinafter the Zoning Code) by including "subsurface utility systems" within the definition of "accessory structure," defining "subsurface utility systems," and clarifying that subsurface utility systems serving uses in B1, B2, and TND-CC districts may be installed on a portion of a split lot located outside of those districts, and "limiting the ability to do so in other districts of the Town." On February 13, 2018, the Town Board issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) with respect to the proposed amendment, and adopted a resolution enacting the amendment as Local Law No. 1 of 2018 (hereinafter Local Law 1). The petitioners thereafter amended the petition/complaint to assert new causes of action, inter alia, to annul Local Law 1 on the basis that the Town Board enacted it in violation of SEQRA.
In a corrected order and judgment dated March 13, 2019, the Supreme Court, inter alia, denied the amended petition and dismissed the proceeding. The petitioners appeal.
Where, as here, "an action is designated a Type I action, there is 'the presumption that it is likely to have a significant adverse impact on the environment and may require an [environmental impact statement]'" (Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 918, 925, quoting 6 NYCRR 617.4[a][1]). "An environmental impact statement is only required if the 'proposed action included the potential for at least one significant adverse environmental impact'" (Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d at 925, quoting Matter of Center of Deposit, Inc. v Village of Deposit, 90 AD3d 1450, 1453). Where the lead agency, after taking a "hard look" at the relevant environmental concerns, "determines that the project will have no significant adverse environmental impacts, and issues a negative declaration to that effect, the [environmental impact statement] may be dispensed with as unnecessary, even for a Type I action" (Matter of Incorporated Vil. of Poquott v Cahill, 11 AD3d 536, 540).
Judicial review of a lead agency's negative declaration is limited to "whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d 969, 970; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). Upon judicial review, "a court is not free to substitute its judgment for that of the agency on substantive matters" (Akpan v Koch, 75 NY2d 561, 571). Instead, the issue is whether the negative declaration "'was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 970, quoting Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 416 [internal quotation marks omitted]).
Here, the record shows that the Town Board identified relevant areas of environmental concern, took the requisite "hard look" at them, and made "a reasoned elaboration" for the basis of its determination (Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 348 [internal quotation marks omitted]). Consequently, the Town Board's negative declaration was not affected by an error of law, or arbitrary and capricious, or an abuse of discretion (see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 931-932), and the Supreme Court therefore properly denied that branch of the amended petition which was to annul Local Law 1.
The Supreme Court also properly denied as academic that branch of the amended petition which was to review the determination of the Zoning Board. Local Law 1 amended the Zoning Code in a manner that effectively codified the Zoning Enforcement Officer's interpretation of the Zoning Code, which is the subject of the Zoning Board's determination dated October 11, 2017.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be addressed in light of our determination.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court