Matter of Tampone v Town of Red Hook Planning Bd. (2023 NY Slip Op 02011)

Matter of Tampone v Town of Red Hook Planning Bd.

2023 NY Slip Op 02011

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-05649
 (Index No. 51674/18)

[*1]In the Matter of Dominic Tampone, et al., respondents, 
v
Town of Red Hook Planning Board, et al., appellants.

Keane & Beane, P.C., White Plains, NY (Joel H. Sachs, Jennifer L. Gray, and Amanda T. Magana of counsel), for appellant Town of Red Hook Planning Board.
Warren S. Replansky, P.C., Rhinebeck, NY, for appellants Daniel Shafer, Vanessa Shafer, Shafer's, LLC, Shafer's Hudson Valley, LLC, and Lorraine DeCarolis.
Whiteman Osterman & Hanna LLP, Albany, NY (William S. Nolan and Jon E. Crain of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the Town of Red Hook Planning Board dated April 2, 2018, and May 7, 2018, adopting a negative declaration under the State Environmental Quality Review Act, and granting the applications of Daniel Shafer and Vanessa Shafer as owners of Shafer's, LLC, for a special use permit and site plan approval, and action for declaratory relief, the respondent/defendant Town of Red Hook Planning Board appeals, and the respondents/defendants Daniel Shafer, Vanessa Shafer, Shafer's, LLC, Shafer's Hudson Valley, LLC, and Lorraine DeCarolis separately appeal, from a judgment of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated March 13, 2019. The judgment, insofar as appealed from, granted the sixth cause of action in the petition/complaint, and, in effect, granted the first, second, and fifth causes of action in the petition/complaint to the extent of annulling the determinations dated April 2, 2018, and May 7, 2018, and remitting the matter to the Town of Red Hook Planning Board to conduct a new environmental review under the State Environmental Quality Review Act and to consider the issues raised in the first, second, and fifth causes of action.
ORDERED that the appeals from so much of the judgment as granted the sixth cause of action in the petition/complaint are dismissed as academic; and it is further,
ORDERED that the judgment is reversed insofar as reviewed, on the law, the determinations of the Town of Red Hook Planning Board dated April 2, 2018, and May 7, 2018, are confirmed, the first, second, and fifth causes of action in the petition/complaint are denied, and those portions of the proceeding/action are dismissed; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
In June 2018, the petitioners/plaintiffs (hereinafter the petitioners), owners of [*2]residential real property in the Town of Red Hook, commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, inter alia, to annul determinations of the Town of Red Hook Planning Board (hereinafter the Planning Board) dated May 7, 2018, granting site plan and special use permit approval to the respondents/defendants Daniel Shafer, Vanessa Shafer, Shafer's, LLC, Shafer's Hudson Valley, LLC, and Lorraine DeCarolis (hereinafter collectively the Shafer respondents), who are neighboring landowners of the petitioners (hereinafter the May 2018 determinations), and dated April 2, 2018, adopting a negative declaration for the proposed project pursuant to the State Environment Quality Review Act (ECL art. 8; hereinafter SEQRA).
The petitioners contended, among other things, that the Planning Board, in its May 2018 determinations, violated the substantive requirements of SEQRA and failed to comply with sections 143-51(H) and 143-117 of the Zoning Law of the Town of Red Hook, Dutchess County, New York (hereinafter the Zoning Code) and the requirements of Local Law No. 3 of 2018 of the Town of Red Hook (hereinafter Local Law 3). The sixth cause of action sought a judgment declaring that the Planning Board had to apply the requirements of Local Law 3 in making new determinations on the Shafer respondents' applications for site plan and special use permit approval. By judgment dated March 13, 2019, the Supreme Court, inter alia, granted the sixth cause of action, declared that the Planning Board "must review the site plan and special permit applications pursuant to Local Law [3]," and, in effect, granted the first, second, and fifth causes of action to the extent of annulling the April 2, 2018 and May 2018 determinations, and remitting the matter to the Planning Board for further consideration.
The sixth cause of action was rendered academic (see 903 Park Ave. Corp. v City Rent Agency, 31 NY2d 330, 333; Flanders Assoc. v Town of Southampton, 198 AD2d 328, 328-329) by the enactment of Local Law No. 4 of 2018 of the Town of Red Hook (hereinafter Local Law 4) (Zoning Code § 143-146[C]). Since Local Law 4 specifically exempted the site plan and special use permit applications at issue here from the regulations in Local Law 3, there is no longer a justiciable controversy with respect to the sixth cause of action, and therefore, the appeals from so much of the judgment as granted the sixth cause of action must be dismissed (see CPLR 3001; Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811).
The Supreme Court should have denied the first, second, and fifth causes of action. "Judicial review of SEQRA findings 'is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d 969, 970, quoting Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430 [internal quotation marks omitted]). "This review is deferential, for 'it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively'" (Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 971, quoting Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d at 430). "Courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 971; see Matter of Bonacker Prop., LLC v Village of E. Hampton Bd. of Trustees, 168 AD3d 928, 931). Here, the Planning Board identified groundwater resources, noise, and scenic resources as relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its negative determination of significance. The record demonstrates that the Planning Board considered potential impacts of the project and found them to be either insubstantial or adequately mitigated by landscaping elements incorporated into the proposal for that purpose. Since the petitioners failed to demonstrate that the Planning Board's negative declaration pursuant to SEQRA was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious, or an abuse of discretion, they were not entitled to the relief sought in the first cause of action (see Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 971-972).
For these same reasons, the petitioners' allegation in the fifth cause of action that the Planning Board failed to comply with Zoning Code § 143-117(A)(6) and (9), when it granted site plan approval, is without merit and the relief demanded therein should have been denied. As noted above, contrary to the petitioners' contention, the record demonstrates that the Planning Board complied with Zoning Code § 143-117(A)(6) and (9), which required it to assess the "[a]dequacy of water supply and sewage disposal facilities," and to provide the protection of "neighboring properties against noise, glare, unsightliness or other objectionable features."
Lastly, "[a] use permitted by a special use permit is a use that has been found by the local legislative body to be appropriate for the zoning district and 'in harmony with the general zoning plan and will not adversely affect the neighborhood'" (Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1008, quoting Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243). Although the Planning Board "'does not have the authority to waive or modify any conditions set forth in the ordinance'" (Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 807, quoting Matter of Dost v Chamberlain-Hellman, 236 AD2d 471, 472), "[t]he permit must be granted if the application satisfies the criteria set forth in the zoning law" (Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d at 1008; see Matter of Juda Constr., Ltd. v Spencer, 21 AD3d 898, 900). Here, the Planning Board certified that the proposal complied with applicable bulk and area requirements of the Zoning Code, showing that it considered those aspects of the site plan application as required under Zoning Code § 143-51(H). Furthermore, the record supports that determination, as the petitioners' contentions to the contrary, at best, reflect mere disagreements with the Planning Board's resolution of ambiguities in the Zoning Code and the evidence.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court