Matter of Town of Beekman v Town Bd. of the Town of Union Vale (2023 NY Slip Op 04669)

Matter of Town of Beekman v Town Bd. of the Town of Union Vale

2023 NY Slip Op 04669

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-04400
 (Index No. 53354/19)

[*1]In the Matter of Town of Beekman, appellant, 
v
Town Board of the Town of Union Vale, respondent.

Wallace & Wallace, LLP, Poughkeepsie, NY (Paul Ackermann of counsel), for appellant.
Van DeWater and Van DeWater, LLP, Poughkeepsie, NY (James E. Nelson and Danielle E. Strauch of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review resolutions of the Town Board of the Town of Union Vale dated April 18, 2019, and June 6, 2018, inter alia, approving an option and ground lease agreement for the construction of a monopole telecommunications tower and related equipment, issuing negative declarations of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8), and determining that the project is exempt from the petitioner/plaintiff's local zoning laws, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated May 11, 2020. The judgment, in effect, denied the petition, dismissed the proceeding, and declared that the resolutions are valid.
ORDERED that the judgment is affirmed, with costs.
In 2019, the Town Board of the Town of Union Vale (hereinafter the Board) adopted a series of resolutions, which, among other things, approved an option and ground lease agreement with Homeland Towers, LLC, for the construction and operation of a 150-foot monopole telecommunications tower and related equipment on property owned by the Town of Union Vale but located in the petitioner/plaintiff, Town of Beekman (hereinafter the petitioner). In the resolutions, the Board also determined that the tower project was exempt from the petitioner's local zoning laws and issued negative declarations of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) with respect to the project. Thereafter, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to annul the resolutions and action for a judgment declaring that the resolutions are invalid. The petitioner alleged, among [*2]other things, that the project was not exempt from the petitioner's local zoning laws, and that the Board failed to comply with the requirements of SEQRA. In a judgment dated May 11, 2020, the Supreme Court, in effect, denied the petition, dismissed the proceeding, and declared that the resolutions are valid. The petitioner appeals.
In Matter of County of Monroe (City of Rochester) (72 NY2d 338), the Court of Appeals addressed the applicability of local zoning laws where a conflict exists between two governmental entities. The Court enunciated a "balancing of public interests" test that requires the consideration of various factors in order to determine whether an entity should be granted immunity from local zoning requirements (id. at 341 [internal quotation marks omitted]). These factors include "the nature and scope of the instrumentality seeking immunity, the kind of function or land use involved, the extent of the public interest to be served thereby, the effect local land use regulation would have upon the enterprise concerned and the impact upon legitimate local interests" (id. at 343 [internal quotation marks omitted]).
Here, the Supreme Court properly determined that application of the balancing of public interests test supports the Board's finding that the project at issue is immune from the petitioner's local zoning laws (see Matter of Crown Communication N.Y., Inc. v Department of Transp. of State of N.Y., 4 NY3d 159, 167-168; Town of Hempstead v State of New York, 42 AD3d 527, 529; see generally Incorporated Vil. of Munsey Park v Manhasset-Lakeville Water Dist., 150 AD3d 969, 971). Contrary to the petitioner's contention, the record supports the Board's determination that the installation of the tower would serve the public interest by, among other things, remedying a gap in cellular coverage and aiding emergency services, which would be allowed to use the cell tower at no rental charge (see Town of Hempstead v State of New York, 42 AD3d at 529). The fact that the tower will benefit the private interests of Homeland Towers, LLC, does not undermine the public purposes served by the tower (see Matter of Crown Communication N.Y., Inc. v Department of Transp. of State of N.Y., 4 NY3d at 167-168; cf. Little Joseph Realty v Town of Babylon, 41 NY2d 738).
With respect to the Board's SEQRA determination, "[j]udicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Akpan v Koch, 75 NY2d 561, 570, quoting CPLR 7803[3]; see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924). "This review is deferential for 'it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively'" (Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 430, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416; see Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d 969, 971). Courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d at 430, Akpan v Koch, 75 NY2d at 570; Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d at 971). Here, the record establishes that the Board identified the relevant areas of environmental concern as related to the project, took the requisite hard look, and made a reasoned elaboration of the basis for its determination (see Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle, 201 AD3d 804, 806; Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1350; Matter of Perrin v Bayville Vil. [*3]Bd., 70 AD3d 835, 838). The petitioner's remaining contentions regarding the Board's SEQRA review are without merit.
Accordingly, the Supreme Court properly, in effect, denied the petition, dismissed the proceeding, and declared that the resolutions are valid.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court