Matter of Cedar St. Comm. v Board of Educ. of the E. Hampton Union Free Sch. Dist. (2024 NY Slip Op 00189)

Matter of Cedar St. Comm. v Board of Educ. of the E. Hampton Union Free Sch. Dist.

2024 NY Slip Op 00189

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-14621
 (Index No. 5163/17)

[*1]In the Matter of Cedar Street Committee, et al., appellants, 
v
Board of Education of the East Hampton Union Free School District, respondent.

Richard Fischbein, Charles L. Collins, Ellen D. Collins, John T. Cossentino, and Encie V. Peters, East Hampton, NY, appellants pro se.
Frazer & Feldman, LLP, Garden City, NY (Bryan Georgiady of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Education of the East Hampton Union Free School District dated June 6, 2017, adopting a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the proposed construction of a new school bus maintenance depot, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (William G. Ford, J.), entered October 18, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In October 2017, the petitioners commenced this proceeding pursuant to CPLR article 78 to annul a resolution of the Board of Education of the East Hampton Union Free School District (hereinafter the Board of Education) dated June 6, 2017, adopting a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) regarding the proposed construction of a new school bus maintenance depot (hereinafter the project). The petitioners own residential property abutting or in close proximity to the project's site. In a judgment entered October 18, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal. We affirm.
"The purposes of SEQRA, as stated by the Legislature, are to encourage productive and enjoyable harmony with our environment; 'to promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources; and to enrich the understanding of the ecological systems, natural, human and community resources important to the people of the state'" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 777, quoting ECL 8-0101). A court reviewing a SEQRA determination is "limited to considering 'whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363, quoting CPLR 7803[3]; see Matter of Route 17K Real Estate, LLC v Planning Bd. of the Town of Newburgh, 198 AD3d 969, 970). "[I]t is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself [*2]has satisfied SEQRA, procedurally and substantively" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416; see Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d 676, 679). To that end, "SEQRA mandates literal compliance with its procedural requirements and substantial compliance is insufficient to discharge the responsibility of the agency under the act" (Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817, 820).
"The heart of SEQRA is the Environmental Impact Statement (EIS) process. Under the act, an EIS must be prepared regarding any action that 'may have a significant effect on the environment'" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 415, quoting ECL 8-0109[2] [citation omitted]). "Judicial review of a negative declaration under SEQRA is limited to whether the lead agency identified the relevant areas of environmental concern, took the requisite hard look, and made a reasoned elaboration of the basis for its determination" (Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle, 201 AD3d 804, 805-806 [internal quotation marks omitted]; see Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow, 292 AD2d 617, 619). "Not every conceivable environmental impact, mitigating measure or alternative must be identified and addressed [in order to] satisfy the substantive requirements of SEQRA," and therefore, "[t]he degree of detail with which each factor must be discussed . . . will vary with the circumstances and nature of the proposal" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417 [internal quotation marks omitted]; see Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d at 822).
"[T]he Legislature in SEQRA has left the agencies with considerable latitude in evaluating environmental effects and choosing among alternatives," and "[n]othing in the law requires an agency to reach a particular result on any issue, or permits the courts to second-guess the agency's choice" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417; see Akpan v Koch, 75 NY2d 561, 570). "Nevertheless, an agency, acting as a rational decision maker, must have conducted an investigation and reasonably exercised its discretion so as to make a reasoned elaboration as to the effect of a proposed action on a particular environmental concern" (Akpan v Koch, 75 NY2d at 571). "Thus, while a court is not free to substitute its judgment for that of the agency on substantive matters, the court must ensure that, in light of the circumstances of a particular case, the agency has given due consideration to pertinent environmental factors" (id.; see Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 918, 925).
Here, the Supreme Court properly determined that the Board of Education adequately described the nature of the project in order to enable a thorough investigation of the potential environmental impacts. Contrary to the petitioners' contentions, under the circumstances, the lack of details pertaining to the location or elevation of certain elements of the project did not preclude the Board of Education from conducting a thorough environmental review (see generally Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d at 925-926). Further, the court correctly determined that the record demonstrated that the Board of Education thoroughly reviewed issues such as noise, groundwater pollution, impacts to traffic, and visual aesthetics (see generally Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 146 AD3d 576, 577, affd 30 NY3d 416). The petitioners' expert analyses failed to refute the adequacy of the Board of Education's investigation or the rationality of its conclusions (see generally Matter of Brooklyn Bridge Park Legal Defense Fund, Inc. v New York State Urban Dev. Corp., 50 AD3d 1029, 1031). Since the Supreme Court correctly determined that the Board of Education took a hard look at the relevant areas of environmental concern and "made a reasoned elaboration of the basis for its determination" that the project would not result in a significant adverse impact (Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle, 201 AD3d at 806; see Akpan v Koch, 75 NY2d at 570), the court properly denied the petition and dismissed the proceeding.
The petitioners' remaining contention is not properly before this Court.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court